Timothy M. Ryan, Bar No. 178059
Tadeusz McMahon, Bar No. 304699
THE RYAN FIRM
A Professional Corporation
30 Corporate Park, Suite 310
Irvine, CA 92606
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendants Specialized Loan Servicing, LLC and The Bank of New York
Mellon f/k/a The Bank of New York as successor indenture trustee to JPMorgan Chase
Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series
2005-D

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVETTE MINOR,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, SPECIALIZED LOAN SERVICING, LLC and DOES 1-50,<br><br>    Defendants. | CASE NO.: 3:19-cv-8151<br>State Court Case No.: SCV-265499<br>Date Action Filed: November 12, 2019<br><br>Assigned for All Purposes to<br>Magistrate Joseph C. Spero<br>CTRM. G<br><br>**NOTICE OF STANDING ORDER**<br><br>Trial Date: None set. |

THE RYAN FIRM
A Professional Corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    **PLEASE TAKE NOTICE** of the Court's Standing Order following filing of

2  Notice of Removal by Defendants The Bank of New York Mellon and Specialized Loan

3  Servicing, LLC assigned to Magistrate Judge Joseph C. Spero in this matter, entered on

4  December 13, 2019. A copy of the Court's standing order is attached as Exhibit 1. A

5  copy of the Notice of Removal, Request for Judicial Notice, Declaration of Tadeusz

6  McMahon and Civil Cover Sheet are attached as Exhibit 2, Exhibit 3 Exhibit, 4 and

7  Exhibit 5.

8

9   DATED: December 16, 2019                    THE RYAN FIRM
                                                A Professional Corporation
10

11

12                                      By: _____

13                                           TIMOTHY M. RYAN
                                             TADEUSZ MCMAHON
14                                           Attorneys for Defendants Specialized
                                             Loan Servicing, LLC and The Bank of
15                                           New York Mellon f/k/a The Bank of
                                             New York as successor indenture
16                                           trustee to JPMorgan Chase Bank,
                                             National Association for CWHEQ
17                                           Revolving Home Equity Loan
                                             Trust, Series 2005-D
18

19

20

21

22

23

24

25

26

27

28

**THE RYAN FIRM**
A Professional Corporation

# EXHIBIT 1

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO**

(Revised March 4, 2019)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

### A. SCHEDULING HEARINGS AND CONFERENCES

1. Civil Law and Motion is heard on Fridays at 9:30 a.m., except that when Judge Spero is on criminal duty, Civil Law and Motion is heard on Fridays at 2:00 p.m. Counsel should notice civil motions for hearing in accordance with the Civil Local Rules and need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2. Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3. Case Management Conferences and Pretrial Conference are heard on Fridays at 2:00 p.m. Case Management Conferences are not recorded unless at least one party in the case is appearing pro se or counsel makes a specific request at the commencement of the Case Management Conference that it be recorded.

4. Requests to appear telephonically at a case management conference or hearing must be filed and served one week before the conference in accordance with Civil L.R. 16-10(a).

5. Parties should address all questions regarding scheduling to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

### B. CONSENT

6. In cases that are randomly assigned to Judge Spero for all purposes, a Consent or Declination to Magistrate Judge Jurisdiction form will be mailed to all parties. The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

### C. CHAMBERS COPIES

7. While Civil Local Rule 5-1(b) requires parties to lodge an extra paper copy of any filing and mark it as a copy for "Chambers," Judge Spero requires that parties submit Chambers Copies only of the following documents: (1) Case Management Conference Statements; and (2) documents that are related to a pending motion and/or discovery dispute. The parties do not need to submit Chambers Copies for stipulations, pro hac vice applications, and similar non-motion filings.

8.  All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page.  Parties with access to a large-gauge (13/32-inch) hole punch are encouraged to use that instead of a standard 1/4-inch or 5/16-inch hole punch. All exhibits shall be clearly delineated and should be assembled, in order, with the declaration to which they correspond.  Exhibits must be separated by cover sheets *and* exhibit tabs.  If the filing is more than two inches thick, the parties shall place the chambers copy in a binder.  Otherwise, chambers copies may be secured with binder clips or some other removable fastener but should not be stapled.

9.  If documents are filed partially under seal, chambers copies of redacted documents should not be provided. Rather, any document that contains sealed material or material that a party has requested leave to file under seal should be provided to chambers only in its unredacted form. Where both sealed and unsealed exhibits are offered in support of a motion, the exhibits should be fully assembled with all exhibits unredacted.  However, chambers copies of any sealed documents must be clearly marked as such and must clearly delineate the portions that are confidential (via highlighting).

10. When a party files an administrative motion for leave to file under seal, it should provide Chambers Copies only of unredacted material, assembled as a single set of documents. Chambers copies of any sealed documents should be clearly marked as documents that are sealed or sought to be filed under seal and should clearly delineate the portions that are confidential (via highlighting).

11.  In a case subject to electronic filing, Chambers Copies must be submitted by the close of the next court day following the day the papers are filed electronically. The Chambers Copies shall be marked "Chambers Copy" and submitted to the Clerk's Office, in an envelope marked with "Magistrate Judge Spero," the case number, and "Chambers Copy."

12. Any proposed stipulation or proposed order in a case subject to electronic filing shall be sent by mail to jcspo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the Court.

**D.    SETTLEMENT CONFERENCE STATEMENTS**

13. Settlement Conference Statements must be LODGED with Chambers (NOT electronically filed).

14.  In addition to providing Chambers with a hard copy of the Settlement Conference Statement, each party shall also submit the Settlement Conference Statement in .pdf format via email to JCSsettlement@cand.uscourts.gov.

**E.    DISCOVERY DISPUTES**

15.  In lieu of filing formal discovery motions, lead trial counsel for the parties involved in the discovery dispute shall meet and confer in person regarding the subject matter of the dispute(s) in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on five business days' notice. The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the

second by counsel for Defendant, etc. Within five business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court, not to exceed five pages without leave of Court. This Joint Letter shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue. Upon receipt of the Joint Letter the Court will determine what future proceedings are necessary.

16.   As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice mails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by this action.

17.   In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

18.   In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

19.   To the maximum extent feasible, all party files and record should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

20.   Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

21.   Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. See Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication. (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

F.   DEPOSITIONS

22.   Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking

United States District Court
Northern District of California

3

any such deposition. The party seeking such a deposition may notice it at least thirty days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten days of receipt of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an alternative date and place falling within thirty days of the date noticed by the party seeking the deposition.

23.   Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

### G.   PRONOUNS

24.   Attorneys or parties appearing before Judge Spero may notify the Court of their pronoun preferences.

### H.   SANCTIONS

25.   Failure to comply with this Order of the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

Dated: March 4, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

4

# EXHIBIT 2

EXHIBIT 2

1  Timothy M. Ryan, Bar No. 178059
   Tadeusz McMahon, Bar No. 304699
2  THE RYAN FIRM
   A Professional Corporation
3  30 Corporate Park, Suite 310
   Irvine, CA 92606
4  Telephone (949) 263-1800; Fax (949) 872-2211

5  Attorneys for Defendants Specialized Loan Servicing, LLC and The Bank of New York
   Mellon f/k/a The Bank of New York as successor indenture trustee to JPMorgan Chase
6  Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series
   2005-D
7

8

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13  EVETTE MINOR,                          Case No.:
                                           State Court Case No.: SCV-265499
14               Plaintiffs,               Date Action Filed: November 12, 2019

15  vs.                                    _Assigned for All Purposes to_
                                           Hon. ******
16  THE BANK OF NEW YORK                   Courtroom: ********
    MELLON, SPECIALIZED LOAN
17  SERVICING, LLC and DOES 1-50,          **NOTICE OF REMOVAL BY
                                           DEFENDANTS THE BANK OF NEW
18               Defendants.               YORK MELLON AND SPECIALIZED
                                           LOAN SERVICING, LLC**
19
                                           **[DIVERSITY JURISDICTION]**
20
                                           Trial Date:    None set.
21

22

23

24

25

26

27

28

_THE RYAN FIRM_
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

To the Clerk of the United States District Court for the Northern District of California:

Defendants Specialized Loan Servicing, LLC and The Bank of New York Mellon f/k/a The Bank of New York as successor indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D ("Defendants," collectively) file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a).

## STATEMENT OF FACTS ENTITLING DEFENDANTS TO REMOVAL

1.  The action pending in the Superior Court of the State of California for the County of Sonoma, entitled *Minor v. The Bank of New York Mellon et al.* (Case No. SCV-265499), was filed by plaintiff Evettte Minor ("Plaintiff") on November 12, 2019.

2.  Defendants submit this notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) on grounds that the parties are each citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.

3.  Plaintiff admits in her complaint that she is an individual who resides in Sonoma County, California. [Compl., ¶ 30.]

4.  Plaintiff admits in her complaint that defendant The Bank of New York Mellon is a corporation organized in the State of New York, with its principal place of business being New York City. [Compl., ¶ 31.]

5.  Plaintiff admits that defendant Specialized Loan Servicing, LLC is organized in the State of Delaware, whit its principal place of business being Highlands, Ranch Colorado. [Compl., ¶ 32.]

6.  The matter in controversy exceeds $75,000. The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC* (9th Cir. 2016) 840 F.3d 644, 648-649.

7.  Here, Plaintiff seeks the recovery of "general and special damages" as well as "punitive and exemplary damages" against Defendants for each cause of action. [Compl.,

2

THE RYAN FIRM
A Professional Corporation

p. 15- 17 (prayer for relief).] Specifically, Plaintiff's request for compensatory damages includes "loss of equity in [her] house," among other items. [Compl., ¶ 72.]

8.  Plaintiff alleges that her home is the real property located 1252 Poplar Street, Santa Rosa, CA 95407 ("Subject Property").

9.  In order to calculate the lost equity, the total amount of debt secured by the Subject Property is subtracted from the total value of the Subject Property. [*See Munger v. Moore* (1970) 11 Cal. App. 3d 1, 11 ("[T]he proper standard for wrongful deprivation of security is the fair market value at the time of sale less outstanding encumbrances and/or taxes due at such time, not in any event to exceed the amount due plaintiff on his loans.").]

10. Pursuant to Plaintiff's petition for Chapter 13 bankruptcy filed on July 14, 2018, Plaintiff lists the value of the Subject Property as being $430,000. [Request for Judicial Notice ("RJN"), Exh. 1, p. 19.] According to Zillow.com, the value of the Subject Property is estimated to be approximately $454,270. [Declaration of Tadeusz McMahon ("McMahon Decl."), Exh. 1.] Based on records obtained from defendant Specialized Loan Servicing, LLC, the Subject Property is an estimated $450,000, as of April 2018. [McMahon Decl., Exh. 2.]

11.  Pursuant to Plaintiff's Chapter 13 petition, Plaintiff lists an amount of $189,613 owed to Ocwen Loan Servicing, LLC on the (presumably) senior lien, and an amount of $196,304 owed to defendant Specialized Loan Servicing, LLC on the second position lien. [RJN, Exh. 1, p. 19-20.] Based on records obtained from defendant Specialized Loan Servicing, LLC, the amount owed on Defendants' lien was $179,393.33 as of October 2019. [McMahon Decl., Exh. 3.]

12.  Thus, based on the evidence provided by SLS, the total amount of lost equity that Plaintiff could potentially be entitled to amounts to approximately **$80,993.67** [$450,000 – ($189,613 + $179,393.33) = $80,993.67.]

13.  Additionally, the amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927,

**THE RYAN FIRM**
A Professional Corporation

945. Punitive damages may be recovered based on a claim for wrongful foreclosure. *Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal. App. 4th 394, 409-410.

14. Based on Plaintiff's estimated value of the Subject Property and her valuation of the encumbrances against the property, the total amount of compensatory damages amounts to approximately $44,000, based on the most conservative calculation. However, when including punitive damages (which Defendants do not believe would be warranted here) such an amount could be multiplied up to nine (9) times, depending on the pertinent factors. *State Farm Mut. Auto Ins. Co. v. Campbell* (2003) 538 U.S. 408, 416-418. Even if a multiplier of two (2) is applied, the amount in controversy could potentially exceed $75,000 if Plaintiff were to succeed at trial on the merits of her complaint (the validity of which Defendants dispute).

15. Likewise, attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Simmons v. PCR Tech.* (N.D. Cal. 2002) F.Supp. 2d 1029, 1034. Here, the Deed of Trust at issue contains a provision that may entitle Defendants recover attorneys' fees that are incurred in defending against "any action or proceeding" purporting to affect Defendants' rights under the Deed of Trust. [RJN, Exh. 2, p. 3-4, sections (e) and (f).]

16. Defendants' counsel estimates that an amount of approximately $80,000 in attorneys' fees could potentially be incurred in the event this matter proceeds to trial. [McMahon Decl., ¶ 6.]

17. Accordingly, the subject matter of the civil action is within the original diversity jurisdiction of the federal district court pursuant to 28 U.S.C. § 1332.

18. Removal is proper to this District Court pursuant to 28 U.S.C. § 1441(a) as the Superior Court for the County of Sonoma, is geographically located within this Court's district.

19. A true and correct copy of Plaintiff's complaint is attached hereto as Exhibit 1.

///

///

DATED: December 13, 2019

THE RYAN FIRM
A Professional Corporation


By:   /s/ Tadeusz
      TIMOTHY M. RYAN
      TADEUSZ MCMAHON
      Attorneys for for Defendants
      Specialized Loan Servicing, LLC and
      The Bank of New York Mellon f/k/a
      The Bank of New York as successor
      indenture trustee to JPMorgan Chase
      Bank, National Association for
      CWHEQ Revolving Home Equity
      Loan Trust, Series 2005-D

**THE RYAN FIRM**
A Professional Corporation

Notice of Removal

Case 3:19-cv-08151-JGS   Document 1   Filed 12/13/19   Page 6 of 90

# EXHIBIT 1

# EXHIBIT 1

Evan Livingstone, SBN 252008)
**LAW OFFICE OF EVAN LIVINGSTONE**
740 4th St, Ste 215
Santa Rosa, CA 95404
Tel.: (707) 206-6570
Fax: (707) 676-9112
Email: evan@evanlivingstone.com

Attorneys for Plaintiff Evette Minor

**ENDORSED FILED**

NOV 1 2 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA

| | |
|---|---|
| EVETTE MINOR | Case No. SCV 465499 |
| Plaintiff, | (Unlimited Civil Action) |
| vs. | **COMPLAINT** |
| THE BANK OF NEW YORK MELLON, SPECIALIZED LOAN SERVICING LLC and DOES 1-50 | Intentional Misrepresentation Misrepresentation Fraudulent Concealment Negligence |
| Defendants. | Unfair Competition (B&P Code §17200) Unfair Debt Collection (Civil Code §1788) Wrongful Foreclosure |

Plaintiff Evette Minor against Defendants THE BANK OF NEW YORK MELLON, SPECIALIZED LOAN SERVICING LLC and DOES 1-50, alleges as follows:

### I.   FACTS

1.  On July 13, 2005, Plaintiff EVETTE MINOR purchased her home located 1252 Poplar St, Santa Rosa, CA 95407, APN 037-161-010 (the "property").

2.  Plaintiff's real estate agent Don Hamilton conspired with a loan broker named Fatima and a finance company called Countrywide Home Loans, Inc. to induce Plaintiff to sign a note secured by a deed of trust, for a Home Equity Line of Credit in the amount of $92,000 in order to make the down payment required for Plaintiff's purchase of the property, (the "loan").

3.  Hamilton, Fatima and Countrywide employed a number of unfair, unlawful and fraudulent business practices in order to induce Plaintiff to sign this loan.

4.  Specifically, Hamilton, Fatima and Countrywide: (1) intentionally and knowingly placed the Plaintiff into a loan which they knew Plaintiff could not afford and would default upon to a mathematical certainty, (2) intentionally approved Plaintiff for a loan for which she was not qualified, (3) falsified the income and asset documentation of Plaintiff without her consent, and (4) abandoned their own underwriting standards, (5) abandoned industry-standard underwriting guidelines, (6) concealed and or misrepresented the terms of the loan to Plaintiff to induce her unwitting consent, and (7) intentionally inflated the appraisal value of Plaintiff's home.

5.  Hamilton, Fatima and Countrywide performed these acts for the purpose selling Plaintiff the largest, highest interest rate loan possible, in order to maximize their commissions.

6.  Subsequently, Countrywide and or its successor Bank of America securitized Plaintiff's loan and sold it to Defendant The Bank of New York Mellon.

7.  The loan sold to Plaintiff had an initial annual percentage rate of 9.95%. The note specified the interest rate would vary based on the highest prime rate published in the Wall Street Journal, plus 3.950%.

8.  By November 2007, the interest rate on the loan rose to 11.45%. Plaintiff's payments were applied to interest only.

9.  Had Plaintiff known the truth about any of these material facts, she would never have entered into a loan with Countrywide. If the Plaintiff had later learned the truth, each Plaintiff would have either (1) rescinded the loan transaction under applicable law and/or (2) refinanced the loan transaction with a reputable institution prior to the decline in mortgage values in late 2008. Instead, each Plaintiff reasonably relied on the deceptions of Hamilton, Fatima and Countrywide in entering into the loan.

10. At some point Countrywide was acquired by Bank of America.

11. On January 22, 2018, Mortgage Electronic Registration Systems, Inc. as nominee for COUNTRYWIDE HOME LOANS, INC. (the original beneficiary of the deed of trust securing the note) transferred its interest under the deed of trust to The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National

1   Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D.

2       12. The servicer of Plaintiff's loan has changed several times, most recently to Defendant

3   Specialized Loan Servicing LLC (SLS) in 2013

4       13. On July 30, 2018, The Bank of New York Mellon recorded a Substitution of a new

5   trustee, Barret Daffin Frappier Treder & Weiss, LLP, as the new trustee on the deed of trust.

6       14. On October 1, 2018 SLS received Plaintiff Request for Mortgage Assistance (RMA)

7   along with supporting financial documentation.

8       15. On October 19, 2018, SLS sent Plaintiff a letter indicating it had been unable to

9   approve the loan for any options in which Plaintiff would retain the property.

10      16. SLS stated that Plaintiff was denied for a loan modification option based on a

11  negative value having been determined when calculating the net present value.

12      17. SLS has omitted that the denial was based on Plaintiff's monthly obligations reported

13  inadvertently as $102,515.20.

14      18. Despite its mistake, on February 20, 2019, SLS recorded a Notice of Default and

15  Election to Sell Under Deed of Trust.

16      19. On April 2, 2019, SLS received another RMA with supporting financial documents.

17      20. On May 28, 2019, SLS offered Plaintiff a loan modification with a new principal

18  balance of $174,602.74 (up from $92,000), and a monthly principal and interest payment of

19  $2,113.68 and an interest rate of 9.45%.

20      21. This loan modification was based on an incorrect reporting of Plaintiff's monthly

21  obligations as being $102,515.20.

22      22. Because this payment was in addition to the Plaintiff's payment on her first mortgage,

23  the modified payment amount on the loan was not affordable.

24      23. Plaintiff's counsel wrote SLS on June 10, 2019, indicating that the terms of the

25  modification were unaffordable, but Plaintiff could afford to pay approximately $500.00 per

26  month

27      24. SLS responded that it has no discretion to offer any loan modification terms outside

28  established program guidelines. Modification guidelines are set by the Investor and not SLS.

25. On October 22, 2019, Defendants recorded a Notice of Trustee's Sale, scheduling a foreclosure sale on Plaintiff's home for November 25, 2019.

26. On November 5, 2019, Plaintiff submitted a new loan modification application to SLS, based on a change in her financial circumstances.

27. Nevertheless, Defendants have refused to postpone the foreclosure sale or consider Plaintiff's loan modification.

## II. JURISDICTION AND VENUE

28. This is an action for violation of California law. The claims asserted by Plaintiff are based on violations of state law and Defendants' duties, obligations, and responsibilities under state law. Plaintiff are not asserting any causes of action arising under federal law against Defendant in this action. This Court has subject matter jurisdiction over this matter. Defendants do and have done significant business in the State of California and has employees, managers, agents, and representatives in California. Defendants have sufficient minimum contacts with California and with persons in California, have purposefully availed itself of the benefits from California and have property in California so as to render the exercise of jurisdiction over Defendants by the California courts consistent with traditional notions of fair play and substantial justice.

29. Plaintiff is resident of Sonoma County, California. The property at issue in this case is in the City of Santa Rosa, an incorporated area of Sonoma County. Jurisdiction and venue are proper in this Court because the complained of acts, practices and conduct giving rise to this action took place, in whole or in part, in the State of California and the County of Sonoma, and Defendants' duties and obligations to Plaintiff are or were to be performed in the geographical territory of this Court such that venue is proper in this Court.

## III. PARTIES

30. Plaintiff EVETTE MINOR is an individual, who resides in Sonoma County California.

31. Defendant THE BANK OF NEW YORK MELLON is a corporation organized in the state of New York, with its principal place of business in New York, New York.

32. Defendant SPECIALIZED LOAN SERVICING LLC is a limited liability company organized in the state of Delaware, with its principal place of business in Highlands Ranch, Colorado.

33. The true names of Does 1 through 50, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who, under California Code of Civil Procedure § 474, sue these Defendants under fictitious names.

34. Each of the fictitiously named Doe Defendants is responsible in some manner for the conduct alleged herein, including, without limitation, by way of conspiracy, aiding, abetting, furnishing the means for, and/or acting in capacities that create agency, respondeat superior, and/or predecessor- or successor-in-interest relationships with the other Defendants.

## IV.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

35. Plaintiff hereby incorporate all the foregoing allegations as though fully set forth herein. Intentional Misrepresentations in Relation to all of Defendants Actions

36. Defendants intentionally misrepresented material facts as alleged herein.

37. Defendants or their agents knew the representations to be false, and/or made them recklessly and without regard to their truth. Additionally, Defendants did not disclose material facts as required or intentionally omitted material facts.

38. Defendants made the misrepresentations with the intent of inducing Plaintiff to rely upon the misrepresentations and enter into a loan contract with Defendants.

39. Plaintiff reasonably relied on the false representations in deciding to enter into a loan contract with Defendants. Had Plaintiff known the truth, they would not have entered into these Loan Contracts.

40. Defendants had exclusive knowledge of the truth. Their scheme was built on keeping Plaintiff in the dark about the harmful loan.

41. As a result of such intentional misrepresentations Plaintiff was damaged as described

herein. Without limiting the damages as described herein, Plaintiff damages arose directly from the misrepresentations, or at the very least, the misrepresentations were a substantial factor in causing the damages alleged herein, including but not limited to the loss of equity in their houses, loan payments falsely represented to be much lower than what they truly were, growth in their loan balances resulting from negative amortization which Defendants represented would not occur, costs and expenses related to protecting themselves, reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees and costs.

42. Specifically, Defendants intentionally placed Plaintiff into an impossible loan in the pursuit of profit, and such placement was a substantial factor, if not the direct cause of the generalized market crash which caused the prices of real estate values throughout California to plummet, damaging Plaintiff herein.

43. Defendants' intentional, wide-scale, fraudulent conduct merits the imposition of punitive damages. Plaintiff respectfully request the award of such punitive damages and any other relief this court shall deem just and proper.

<center>SECOND CAUSE OF ACTION</center>

<center>NEGLIGENT MISREPRESENTATION</center>

44. Plaintiff hereby incorporate all the foregoing allegations as though fully set forth herein, and specifically incorporate the allegations set forth in Plaintiff' First Cause of Action.

45. The allegations of this cause of action are identical to those set forth above.

46. Defendants certainly made the representations alleged herein without reasonable grounds for believing such representation was true at the time it was made.

47. Again, Defendants intended Plaintiff rely on the representations to enter into different agreements.

48. Plaintiff did in fact rely on the representations, and did so in a reasonable manner. Defendants' actions were a substantial factor, if not the direct cause, of the harms Plaintiff suffered as a result of Plaintiff reliance.

# THIRD CAUSE OF ACTION

## FRAUDULENT CONCEALMENT

49. Plaintiff hereby incorporate all the foregoing allegations as though fully set forth herein.

50. Fraudulent Concealment in Relation to all of Defendants Actions Defendants, at the direction, behest, and on behalf of the scheme of Defendants intentionally, or at the least recklessly, concealed the material facts alleged above, in order to induce Plaintiff reliance into entering into a loan contract with Defendants.

51. Plaintiff did in fact rely on the non-existence of the concealed facts in deciding to enter into a loan contract with Defendants. Had Plaintiff known the truth, they would not have entered into the Loan Contracts.

52. Defendants had exclusive knowledge of the truth. Their scheme was built on keeping Plaintiff-borrowers in the dark.

53. Defendants had a duty to disclose, as a lender and institution with superior and exclusive knowledge, such material information but intentionally failed to do so.

54. As a result of such concealments, Plaintiff were damaged as described herein, without limitation to the damages suffered as a result of Defendants' conduct as described herein. Plaintiff' damages due to Defendants' fraudulent conduct include loss of equity in their houses, growth in their loan balances resulting from concealed negative amortization, costs and expenses related to protecting themselves, reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees and costs.

55. Defendants' actions intentionally placed borrowers into impossible loans in the pursuit of profit and systematically and falsely inflated real estate values throughout California. The inflated values were a substantial factor in, if not the direct cause of the generalized market crash which caused the prices of real estate values throughout California to plummet, damaging Plaintiff herein as well as the general public.

56. These harms were both known and foreseen, if not intended, by the scheme of

1  Defendants.

2      57. Defendants' intentional, wide-scale, fraudulent conduct also merits the imposition of

3  punitive damages. Plaintiff respectfully request the award of such punitive damages and any

4  other relief this court shall deem just and proper. Fraudulent Concealment Specifically in

5  Relation to the Loan Workout Agreements

6  <div align="center">FOURTH CAUSE OF ACTION</div>

7  <div align="center">NEGLIGENCE</div>

8      58. Plaintiff hereby incorporate all the foregoing allegations as though fully set forth

9  herein.

10      59. Defendants had a duty of care to the Plaintiff as a result of their contractual

11  relationship. Defendants have a duty to disclose all material facts to the Plaintiff the parties are

12  adequately informed before forming the contract.

13      60. Additionally, Defendants owe a duty of care to the Plaintiff as a result of their

14  superior and exclusive knowledge in their contractual relationship.

15      61. Defendants' duties of care and duty to act reasonably imposed upon them by law and

16  statute, as well as by applicable standards of care within the profession as alleged herein.

17      62. Defendants' conduct breached their duties of care to Plaintiff as alleged herein,

18  specifically in their failure to disclose highly material facts, misrepresenting material facts,

19  insufficient disclosure or nondisclosure of Defendants' practices and loan terms, and/or omitting

20  material facts or making "half-truth" statements or conduct, in addition to more breaches as

21  described below.

22      63. Defendants further breached their duty by abandoning not only their own

23  underwriting standards but also industry wide standard underwriting guidelines.

24      64. In (recklessly, knowingly, or intentionally) placing Plaintiff into loans upon which

25  they would be instantly upside down by virtue of inflated valuations – all so that the scheming

26  Defendants could profit - Defendants further breached their duty.

27      65. In breaching their duty, Defendants, acting in concert with the other Defendants

28  herein, caused grave damage to Plaintiff herein and numerous others in California. The damages

1   are described herein.

2        66. Defendants also had a duty to act reasonably, to provide accurate appraisals, and

3   further had duties of care imposed upon them by law and statute as alleged above. Such duties

4   are also established by the applicable standards of care within the profession.

5        67. In falsely inflating and causing to be inflated the appraisal of Plaintiff's property,

6   Defendants breached that duty.

7        68. In (recklessly, knowingly, or intentionally) failing to observe the standards of care in

8   the appraisal profession, Defendants breached its duty.

9        69. These harms were reasonably foreseeable, if not actually foreseen, by Defendants.

10        70. In breaching these duties, Defendants acting in concert with the other Defendants

11   herein, caused grave damage to Plaintiff and numerous others throughout California.

12        71. Defendants breached their duty in numerous other fashions as described throughout

13   this Complaint.

14        72. Without limiting the damages as described elsewhere in this Complaint, Plaintiff's

15   damages arising from Defendants' negligence also include loss of equity in their houses, costs

16   and expenses related to protecting themselves, reduced credit scores, unavailability of credit,

17   increased costs of credit, reduced availability of goods and services tied to credit ratings,

18   increased costs of those services, as well as fees and costs, including, without limitation,

19   attorneys' fees and costs.

20                    FIFTH CAUSE OF ACTION

21   UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES (B&P CODE §17200)

22        73. Plaintiff hereby incorporate all the foregoing allegations as though fully set forth

23   herein.

24        74. California's Unfair Competition Law ("UCL") prohibits any unfair competition

25   defined as any "unlawful, unfair, or fraudulent business act or practice." Bus. & Prof. Code §

26   17200.

27        75. Defendants have engaged in unlawful business practices as described herein, by

28   conducting business practices that are unlawful.

76. Defendants' acts described in this action are unlawful in that they violate: The Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 et seq.), Cal. Civ. Code §1090.5 ( "Unlawful Influence of Appraiser"), 15 U.S.C. §1639e (entitled "Violation of Appraiser Independence"), 12 C.F.R §323.5 ("Appraiser Independence"), Cal. Civ. Code §2924 and Truth in Lending Act ("TILA").

77. Defendants violated the Truth in Lending Act by failing to make the necessary disclosures under Law, including the failure to sufficiently disclose the certainty of negative amortization in their Loan Documents as well as the accompanying TILA Disclosure Statement.

78. Defendants further violated TILA by failing to properly disclose or fraudulently hiding prepayment penalties, points, origination discounts, kickbacks, commissions, etc., oftentimes resulting in Plaintiff being forced to incur or pay unnecessary or unfair charges which they were never aware of, and which they never had an opportunity to contest.

79. Defendant's violation of these federal and state statues caused substantial consumer injury with no benefits to consumer competition. Defendants' conduct had no utility other than for their own ill-gotten gain, and the harm was great not only to Plaintiff herein, but also to public at large.

80. Defendants have clearly violated the unfair business practices prong of the UCL as set forth herein.

81. Courts have defined "unfair" as a practice that offends public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers or required courts to weigh the utility of the Defendant's conduct against the gravity of the harm to the alleged victim.

82. Defendants' acts are unfair insofar as they: a. intentionally place unsuspecting borrowers into loans which jeopardize their financial livelihoods and risk potential homelessness. Such acts and practices violate established public policy and the harm they cause to consumers in California greatly outweighs any benefits associated with those practices. Defendants' conduct had no utility other than for their own ill-gotten gain, and the harm was great not only to Plaintiff herein, but also to residents of California, broadly, who have seen a decrease in their home and property values as a result of the bursting of the super-heated pricing bubble created by

Defendants' fraudulently inflated appraisal. b. unfairly induced Plaintiff and numerous others to sign mortgages they knew borrowers could not afford in a manner that was not only unfair but patently fraudulent in that they were conducted for the sole purpose of perpetuating an unlawful and unsustainable investment scheme that cost investors and homeowners millions. c. unfairly bait Plaintiff to make thousands of dollars of monthly payments under the false promise of having their loan modified, when in reality Defendants have no intent of modifying.

83. Plaintiff were the victim of unfair business practices that violated public policy, were unethical, oppressive, unscrupulous, or substantially injurious to consumers, and the weight of the harm significantly outweighs the lining of corporate executives of Defendants.

84. Defendants continuously engaged in fraudulent business practices pursuant to Section 17200.

85. In order to show fraudulent business practices, Plaintiff need only show that members of the public are likely to be deceived.

86. Plaintiff have repeatedly alleged herein that Defendants deceived Plaintiff and the public. Nearly all of Defendants' actions from the appraisal process to loan origination process, securitization, and eventually foreclosure processing were fraudulent, especially considering "a violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Again, it is only necessary to show that members of the public are likely to be deceived.

87. Plaintiff allege that they actually relied on statements and materials given to them by Defendants to make (what they thought were) educated decisions in obtaining financing from Defendants.

88. The Defendants perpetrated their fraudulent scheme of selling off overpriced loans by making willful and inaccurate credit disclosures regarding borrowers, including Plaintiff, to third parties. This false credit disclosure was critical to the success of Defendants' continued sales of the massive pools of mortgage loans necessary to perpetuate the scheme. The Defendants were aware that if the true credit profiles of the borrowers and the values of their real estate were accurately disclosed, the massive fraudulent scheme would end. As a result, the Defendants

repeated, reinforced and embellished their false disclosures.

89. As a result of the foregoing unfair, unlawful, and fraudulent acts Plaintiff have been damaged in being wrongfully deprived of their homes, losing equity, being forced to incur relocation expenses, suffering emotional distress, being forced to pay foreclosure fees, attorney's fees, trustee fees, suffering damage to their credit scores, experiencing reduced availability of financing, among the other damages described throughout this Complaint.

90. Plaintiff hereby also request injunctive relief against future violation of the same.

91. Plaintiff request this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing its "unlawful, unfair, and/or fraudulent business act or practices" and to restore Plaintiff any money or property by which Defendants acquired by such unfair competition under Bus. & Prof. Code § 17200, et. seq.

## SIXTH CAUSE OF ACTION

## UNFAIR DEBT COLLECTION PRACTICES (CIV. CODE §1788)

92. Plaintiff hereby incorporate all the foregoing allegations as though fully set forth herein.

93. Defendants, in their capacity as servicers, are a "debt collector" engaging in "debt collection" practices under the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). See Civ. Code § 1788.2 (c).

94. Defendants violated the Rosenthal Act by using false, deceptive, and misleading statements and deceptive omissions in connection with its collection of Plaintiff' mortgage debt, as alleged herein. See Cal. Civ. Code § 1788.17, incorporating 15 U.S.C. § 1692(e).

95. Plaintiff was led to believe that a her loan modification application would be evaluated under transparent objective criteria.

96. Instead Defendants denied Plaintiff's application based on arbitrary, opaque and fabricated criteria.

97. Plaintiff was led to believe that a foreclosure sale would be postponed pending consideration of her loan modification application.

98. However, Defendants proceeded with foreclosure despite having received a pending

loan modification application.

99. Plaintiff have suffered damages and harm as a result of Defendants' unfair debt collection practices, including irreparable harm to their credit and the imminent loss of her home.

### SEVENTH CAUSE OF ACTION

### WRONGFUL FORECLOSURE

100. Plaintiff hereby incorporate all the foregoing allegations as though fully set forth 4 herein.

101. Defendants are in the process of foreclosing on Plaintiff's property.

102. Defendants' foreclosure is wrongful because SLS has engaged in dual tracking in violation of Civil Code Section 2924.11.

103. Civil Code Section 2924.11(a) provides that if a borrower submits a complete application for a foreclosure prevention alternative, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative.

104. Here, Defendants are proceeding with a foreclosure sale on November 25, 2019, despite the fact that Plaintiff submitted a complete loan modification application on November 5, 2019.

105. Second, Defendants' foreclosure is wrongful because, upon information and belief, the foreclosing Defendants never properly received an assignment of the DOT (and therefore had no authority to foreclose) because the trusts the DOTs were being assigned into had been closed long prior, and therefore could not legally accept any assignment of the Loans and DOTs.

106. The reason loans are pooled and placed into these loan trusts named REMIC's is due to income tax purposes. A REMIC is a Special Purpose Vehicle ("SPV") that is treated by the IRS as a Qualifying Special Purpose Entity ("QSPE.") It was specifically designed by Congress to allow the vehicle to not be taxed as the cash flows through the vehicle and is distributed to the investor and certificate holders. It is like an "S-Corp" where there is no double

1  taxation. b. Pooling and Servicing Agreements only allow loans to be placed into a REMIC for

2  two years after the set-up of the Trust due to tax implications. A loan substituted in or out of

3  such trust after the two-year period, results in a massive tax penalty of 100% of the face value of

4  all the assets in the trust.

5      107. The trusts which foreclosed on many of the Plaintiff never received assignment of

6  the DOT. Specifically, Defendants foreclosed on numerous Plaintiff on behalf of trusts which

7  had no ownership interest whatsoever in the DOT, because the trusts had long been closed under

8  the terms of their very own PSA. The DOT was never endorsed to them. Therefore, Defendants

9  had no authority whatsoever to foreclose on Plaintiff herein. The foreclosing trust had no

10 ownership interest in the DOT which would give it the power to foreclose.

11     108. Established authority makes clear that a Plaintiff states a claim for wrongful

12 foreclosure when it is alleged that the assignment to the trust was executed after the closing date

13 of the trust. Vogan v. Wells Fargo Bank, N.A. (E.D. Cal., Nov. 17, 2011,) 2011 WL 5826016 at

14 7; Johnson v. HSBC Bank USA, Nat. Ass'n (S.D. Cal., Mar. 19, 2012) 2012 WL 928433 at 3.

15     109. Finally, Defendants' foreclosures were wrongful insofar as they were intentionally

16 occasioned by the frauds of Defendants who (1) concealed the true terms, payments, and nature

17 of the loans in order to induce borrowers into entering them, knowing that such loans would be

18 impossible for them to afford, and would result in their default to a mathematical certainty, and

19 (2) falsely tampered with the appraised values of their homes – Defendants, acting in concert,

20 could collect lucrative fees, including foreclosure fees. Defendants intentionally foreclosed on

21 Plaintiff as part of their fraudulent scheme. It meant more money.

22     110. Whether or not they can demonstrate ownership of the requisite notes and deeds of

23 trust, Defendants lack the legal right to enforce the foregoing because they have not complied

24 with disclosure requirements intended to assure mortgages are funded with monies obtained

25 lawfully.

26     111. Plaintiff allege that Defendants have made demand for payment on the Plaintiff

27 with respect to Plaintiff' properties at a time when Defendants are incapable of establishing (and

28 do not have any credible knowledge regarding) who owns the promissory notes Defendants are

1  purportedly servicing. Plaintiff believe and thereon allege that because Defendants are not the

2  holders of Plaintiff notes and deeds of trust and are not operating under a valid power from the

3  various current holders of the notes and deeds of trust, Defendants may not enforce the notes or

4  deeds of trust.

5      112. Because the foreclosing Defendants are not the holders of the notes and deeds of

6  trust and are not operating under a valid power from the current holders of the notes and deeds of

7  trust, Defendants did not have the right to proceed with the foregoing foreclosures. 3

8      113. As a result of the foregoing unlawful acts Plaintiff have been damaged in being

9  wrongfully deprived of their homes, losing equity, being forced to incur relocation expenses,

10  suffering emotional distress, being forced to pay foreclosure fees, attorney's fees, trustee fees,

11  suffering damage to their credit scores, experiencing reduced availability of financing, among the

12  other damages described herein.

13      114. Defendants and Trustee Defendants, acted outrageously, persistently, intentionally

14  and with actual malice in performing the acts alleged in this cause of action. Accordingly,

15  Plaintiff are entitled to exemplary and punitive damages in a sum according to proof, to such

16  other relief as is set forth below in the section captioned Prayer for Relief which is by this

17  reference incorporated herein, as well as relief as this court deems just and proper.

18

19  ## V.  PRAYER FOR RELIEF

20      WHEREFORE, Plaintiff pray for relief against Defendants and each of them as follows:

21  As to the First Cause of Action for Intentional Misrepresentation

22      1. For general and special damages in an amount according to proof at trial.

23      2. For punitive and exemplary damages in an amount appropriate to punish Defendants and

24         deter others from engaging in similar conduct.

25  As to the SECOND CAUSE of Action for Negligent Misrepresentation

26      1. For general and special damages in an amount according to proof at trial.

27      2. For punitive and exemplary damages in an amount appropriate to punish Defendants and

28         deter others from engaging in similar conduct.

As to the THIRD CAUSE of Action for Fraudulent Concealment

1. For general and special damages in an amount according to proof at trial.

2. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct.

As to the FOURTH CAUSE of Action for Negligence

1. For general and special damages in an amount according to proof at trial.

2. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct.

As to the FIFTH CAUSE of Action for Unfair, Unlawful, and Fraudulent Business Practices (Violation of Business & Professions Code § 17200 et. Seq.)

1. For general and special damages in an amount according to proof at trial.

2. For restitution to restore to Plaintiff any, and all, monies acquired by means of Defendants' unlawful/unfair/fraudulent conduct.

3. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conducts.

4. For orders or judgment as may be necessary to prevent the unlawful/unfair/fraudulent conduct practices which constitute unfair competition.

5. During the pendency of this action, a preliminary injunction issues pursuant to Business and Professions Code §17203 to enjoin and restrain Defendants from foreclosing on Plaintiff's home.

As to the SIXTH CAUSE of Action for Unfair Debt Collection Practices (Civil Code § 1788)

1. For restitution to restore to Plaintiff any, and all, monies acquired by means of Defendants' debt collection practices.

2. For general and special damages in an amount according to proof at trial.

3. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conducts.

4. For orders or judgment as may be necessary to prevent the unfair debt collection practices set forth herein.

As to the SEVENTH CAUSE of Action for Wrongful Foreclosure

For restitution to restore to Plaintiff any, and all, monies acquired by means of Defendants' wrongful foreclosure practices.

1. For general and special damages in an amount according to proof at trial.
2. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conducts.
3. For orders or judgment as may be necessary to prevent the wrongful foreclosure practices set forth herein.
4. During the pendency of this action, a preliminary injunction to enjoin and restrain Defendants from the acts set forth herein.
5. Temporary, preliminary, and permanent injunctive relief to enjoin and restrain Defendants from foreclosing on Plaintiff's home.

On all Counts for which attorney's fees may be awarded pursuant to the governing contract, by statute or otherwise,

1. for reasonable attorneys' fees.

On all Counts,

1. For costs of suit herein.
2. For pre- and post-judgment interest.
3. For such other and further relief as this Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of which it is permitted by law.

Dated: November 11, 2019                    Law Office of Evan Livingstone

Evan Livingstone, Attorneys for Plaintiff
Evette Minor

Complaint– Page 17

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                   FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:              Dept.:            Div.:              Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐ The trial has been set for *(date):*
    b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☐ days *(specify number):*
    b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                    f.  Fax number:
    e.  E-mail address:                                       g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
    b.  Referral to judicial arbitration or civil action mediation (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]  **CASE MANAGEMENT STATEMENT**  Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

NOV 1 3 2019

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 30 Corporate Park, Suite 310, Irvine, CA 92606.

On December 13, 2019, I served the within document(s) described as: **NOTICE OF REMOVAL BY DEFENDANTS THE BANK OF NEW YORK MELLON AND SPECIALIZED LOAN SERVICING, LLC** on the interested parties in this action:

☒    by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Law Offices of Evan Livingstone<br>Evan Livingstone<br>740 4th Street, Suite 215<br>Santa Rosa, California 95404 | Tel: (707) 206-6570<br>Fax: (707) 676-9112<br>Email:<br>evan@evanlivingstone.com | Attorney for Plaintiff Evette Minor |

☒    **BY OVERNIGHT MAIL** (Code Civ. Proc. § 1013(c))—I placed said envelope(s) for collection by **GSO**, following ordinary business practices, at the business offices of The Ryan Firm for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service. It is deposited with said overnight mail service on that same day in the ordinary course of business. I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 13, 2019, at Irvine, California.

       /s/ Heather Morris
       HEATHER MORRIS

**THE RYAN FIRM**
A Professional Corporation

# EXHIBIT 3

# EXHIBIT 3

1  Timothy M. Ryan, Bar No. 178059
2  Tadeusz McMahon, Bar No. 304699
   THE RYAN FIRM
3  A Professional Corporation
   30 Corporate Park, Suite 310
4  Irvine, CA 92606
   Telephone (949) 263-1800; Fax (949) 872-2211

5  Attorneys for Defendants Specialized Loan Servicing, LLC and The Bank of New York
6  Mellon f/k/a The Bank of New York as successor indenture trustee to JPMorgan Chase
   Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series
7  2005-D

8

9

10                    **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12

13  EVETTE MINOR,                          Case No.:
                                           State Court Case No.: SCV-265499
14              Plaintiffs,                Date Action Filed: November 12, 2019

15  vs.                                    _Assigned for All Purposes to_
                                           Hon. ******
16  THE BANK OF NEW YORK                   Courtroom: ********
    MELLON, SPECIALIZED LOAN
17  SERVICING, LLC and DOES 1-50,          **REQUEST FOR JUDICIAL NOTICE
                                           IN SUPPORT OF NOTICE OF
18              Defendants.                REMOVAL BY DEFENDANTS THE
                                           BANK OF NEW YORK MELLON AND
19                                         SPECIALIZED LOAN SERVICING,
                                           LLC**
20

21

22                                         Trial Date:    None set.

23

24

25

26

27

28

                                    1

_THE RYAN FIRM_
A Professional Corporation

**PLEASE TAKE NOTICE** that defendants Specialized Loan Servicing, LLC and The Bank of New York Mellon f/k/a The Bank of New York as successor indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D ("Defendants") hereby requests that the Court take judicial notice of the following documents in support of their Notice of Removal.

| Exhibit | Document |
|---------|----------|
| "1" | "Voluntary Petition for Chapter 13 Bankruptcy," filed by plaintiff Evette Minor in United States Bankruptcy Court for the Northern District of California on July 14, 2018, Case No. 18-10482. |
| "2" | "Deed of Trust," recorded on July 15, 2005, in the official records of Sonoma County as Document Number 2005102470. |

Defendants respectfully request that the Court take judicial notice of the subject documents pursuant to *Federal Rule of Evidence* 201. The documents are of common knowledge not reasonably subject to dispute, and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy. True and correct copies of the subject documents are attached hereto as Exhibits 1 and 2.

DATED: December 13, 2019

THE RYAN FIRM
A Professional Corporation

By: ___/s/ Taduesz McMahon_____
TIMOTHY M. RYAN
TADEUSZ MCMAHON
Attorneys for for Defendants
Specialized Loan Servicing, LLC and
The Bank of New York Mellon f/k/a
The Bank of New York as successor
indenture trustee to JPMorgan Chase
Bank, National Association for
CWHEQ Revolving Home Equity
Loan Trust, Series 2005-D

THE RYAN FIRM
A Professional Corporation

2

# EXHIBIT 1

# EXHIBIT 1

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy
**12/17**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Evette**<br>First name<br><br>**Frances**<br>Middle name<br><br>**Minor**<br>Last name and Suffix (Sr., Jr., II, III) | **Kevin**<br>First name<br><br>**Cortez**<br>Middle name<br><br>**Minor**<br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-6489 | xxx-xx-9641 |

Debtor 1 **Evette Frances Minor**
Debtor 2 **Kevin Cortez Minor**

Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

■ I have not used any business name or EINs.

_____
Business name(s)

_____
EINs

About Debtor 2 (Spouse Only in a Joint Case):

■ I have not used any business name or EINs.

_____
Business name(s)

_____
EINs

**5. Where you live**

**1252 Poplar St
Santa Rosa, CA 95407**
Number, Street, City, State & ZIP Code

**Sonoma**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number, Street, City, State & ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 2

Debtor 1    **Evette Frances Minor**

Debtor 2    **Kevin Cortez Minor**

Case number *(if known)* _____

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
| --- | --- |

**7.**   **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

---

**8.**   **How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.**   **Have you filed for bankruptcy within the last 8 years?**

☐ No.

■ Yes.

| | District | When | Case number |
| --- | --- | --- | --- |
| | **Northern District California** | 5/18/10 | 10-11883 |
| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

---

**10.**   **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor _____ | | Relationship to you _____ |
| --- | --- | --- |
| District _____ | When _____ | Case number, if known _____ |
| Debtor _____ | | Relationship to you _____ |
| District _____ | When _____ | Case number, if known _____ |

---

**11.**   **Do you rent your residence?**

☐ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

     ☐ No. Go to line 12.

     ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Case: 18-10482   Doc# 1   Filed: 07/14/18   Entered: 07/14/18 16:56:37   Page 3 of 45

Official Form 101      **Voluntary Petition for Individuals Filing for Bankruptcy**      page 3

Debtor 1  **Evette Frances Minor**

Debtor 2  **Kevin Cortez Minor**

Case number *(if known)* _____

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ No.   Go to Part 4.

☐ Yes.   Name and location of business

_____

Name of business, if any

_____

_____

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

☐ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☐ No.

☐ Yes.   What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____

_____

Number, Street, City, State & Zip Code

Debtor 1 **Evette Frances Minor**
Debtor 2 **Kevin Cortez Minor**

Case number *(if known)* _____

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Official Form 101                **Voluntary Petition for Individuals Filing for Bankruptcy**                page 5

Debtor 1   **Evette Frances Minor**

Debtor 2   **Kevin Cortez Minor**

Case number *(if known)* _____

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16.** What kind of debts do you have?

  **16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    ☐ No. Go to line 16b.

    ■ Yes. Go to line 17.

  **16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

    ☐ No. Go to line 16c.

    ☐ Yes. Go to line 17.

  **16c.** State the type of debts you owe that are not consumer debts or business debts

    _____

**17.** Are you filing under Chapter 7?

  ■ No.   I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

  ☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

    ☐ No

    ☐ Yes

**18.** How many Creditors do you estimate that you owe?

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19.** How much do you estimate your assets to be worth?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20.** How much do you estimate your liabilities to be?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| /s/ Evette Frances Minor | /s/ Kevin Cortez Minor |
|---|---|
| **Evette Frances Minor** | **Kevin Cortez Minor** |
| Signature of Debtor 1 | Signature of Debtor 2 |

Executed on   **July 14, 2018**        Executed on   **July 14, 2018**

           MM / DD / YYYY                          MM / DD / YYYY

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* | |

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

| **/s/ Evan Livingstone** | Date | **July 14, 2018** |
|---|---|---|
| Signature of Attorney for Debtor | | MM / DD / YYYY |

**Evan Livingstone 252008**
Printed name

**Law Office of Evan Livingstone**
Firm name

**740 4th St #215**
**Santa Rosa, CA 95404**
Number, Street, City, State & ZIP Code

| Contact phone | **(707) 206-6570** | Email address | **evanmlivingstone@gmail.com** |
|---|---|---|---|

**252008 CA**
Bar number & State

---

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 7

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | **Kevin Cortez Minor** |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:   Summarize Your Assets**

|  |  | **Your assets** Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B................................................. | $ 430,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B....................................... | $ 21,067.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B................................................. | $ 451,067.00 |

**Part 2:   Summarize Your Liabilities**

|  |  | **Your liabilities** Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... | $ 399,997.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... | $ 0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 167,441.46 |
| | **Your total liabilities** | $ 567,438.46 |

**Part 3:   Summarize Your Income and Expenses**

| 4. | *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*............................................... | $ 4,296.00 |
|---|---|---|
| 5. | *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*............................................................. | $ 2,298.00 |

**Part 4:   Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

7. **What kind of debt do you have?**

☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum            Summary of Your Assets and Liabilities and Certain Statistical Information            page 1 of 2

Debtor 1  **Evette Frances Minor**

Debtor 2  **Kevin Cortez Minor**

Case number *(if known)* _____

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____ **5,540.00**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 78,718.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 78,718.00 |

Case: 18-10482     Doc# 1     Filed: 07/14/18     Entered: 07/14/18 16:56:37     Page 9 of 45

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Kevin Cortez Minor** |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☑ Yes. Where is the property?

| 1.1 | | **What is the property?** Check all that apply | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

1.1

Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

City    State    ZIP Code

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

County

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$430,000.00** | **$430,000.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☑ Check if this is community property (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

**1252 Poplar St
Santa Rosa CA 95407
APN 037-161-010-000**

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................................=>**

| **$430,000.00** |
|---|

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Evette Frances Minor** |
|----------|--------------------------|
| Debtor 2 | **Kevin Cortez Minor** |

Case number *(if known)* _____

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
■ Yes

| 3.1 | Make: | **Dodge** |
|-----|-------|-----------|
| | Model: | **Grand Caravan** |
| | Year: | **2013** |
| | Approximate mileage: | **109504** |
| | Other information: | |

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$7,192.00**
Current value of the portion you own? **$7,192.00**

| 3.2 | Make: | **Ford** |
|-----|-------|----------|
| | Model: | **E-250** |
| | Year: | **1997** |
| | Approximate mileage: | **119500** |
| | Other information: | **work truck with mounted carpet cleaning equipment circa 2001** |

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$8,500.00**
Current value of the portion you own? **$8,500.00**

| 3.3 | Make: | **Plymouth** |
|-----|-------|--------------|
| | Model: | **Voyager** |
| | Year: | **1998** |
| | Approximate mileage: | **242134** |
| | Other information: | |

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$500.00**
Current value of the portion you own? **$500.00**

| 3.4 | Make: | **GMC** |
|-----|-------|---------|
| | Model: | **Savana** |
| | Year: | **2000** |
| | Approximate mileage: | |
| | Other information: | **Non - Op** |

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$25.00**
Current value of the portion you own? **$25.00**

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................................................=>** **$16,217.00**

### Part 3: Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* | |

claims or exemptions.

**6. Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

| Household goods and furnishings | $1,000.00 |
|---|---|

**7. Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ■ No
   ☐ Yes. Describe.....

**8. Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes. Describe.....

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ■ No
   ☐ Yes. Describe.....

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes. Describe.....

| clothes | $600.00 |
|---|---|

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ■ No
   ☐ Yes. Describe.....

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ■ No
   ☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................

| $1,600.00 |
|---|

**Part 4:** Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* | |

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No
☐ Yes.................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes.......................       Institution name:

| | 17.1. | **Patelco Personal Bank Account 928026** | **$50.00** |
|---|---|---|---|
| | 17.2. | **Minor Wells Fargo Business Bank Account 2842** | **$700.00** |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes...................       Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No
☐ Yes.  Give specific information about them....................       Name of entity:       % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific information about them       Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No
☐ Yes. List each account separately.       Type of account:       Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes. .....................       Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes.............       Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes.............       Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes.  Give specific information about them...

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* | |

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
■ No
☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.
   Company name:                    Beneficiary:                    Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
■ No
☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**
■ No
☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**................................................................................................................

| $750.00 |
|---|

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* | |

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☑ Yes. Go to line 38.

> **Current value of the portion you own?**
> Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe.....

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No

☐ Yes. Describe.....

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☐ No

☑ Yes. Describe.....

| used sound equipment | $2,500.00 |
|---|---|

**41. Inventory**

☑ No

☐ Yes. Describe.....

**42. Interests in partnerships or joint ventures**

☑ No

☐ Yes. Give specific information about them...................

Name of entity:                                          % of ownership:

**43. Customer lists, mailing lists, or other compilations**

☑ No.

☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

☑ No

☐ Yes. Describe.....

**44. Any business-related property you did not already list**

☑ No

☐ Yes. Give specific information.........

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here.................................................................................................................**

| $2,500.00 |
|---|

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* | |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    �too filled No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ..................................

| | | $0.00 |
|---|---|---|

**Part 8:** List the Totals of Each Part of this Form

55. **Part 1: Total real estate, line 2** .............................................................................................................. | $430,000.00 |
|---|---|

56. **Part 2: Total vehicles, line 5** | $16,217.00 |
57. **Part 3: Total personal and household items, line 15** | $1,600.00 |
58. **Part 4: Total financial assets, line 36** | $750.00 |
59. **Part 5: Total business-related property, line 45** | $2,500.00 |
60. **Part 6: Total farm- and fishing-related property, line 52** | $0.00 |
61. **Part 7: Total other property not listed, line 54** + | $0.00 |

62. **Total personal property.** Add lines 56 through 61... | $21,067.00 | Copy personal property total | $21,067.00 |

63. **Total of all property on Schedule A/B.** Add line 55 + line 62 | | $451,067.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com | Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | **Kevin Cortez Minor** |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt
**4/16**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **1252 Poplar St Santa Rosa CA 95407 APN 037-161-010-000** Line from *Schedule A/B*: **1.1** | $430,000.00 | ■ $44,083.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.730** |
| **2013 Dodge Grand Caravan 109504 miles** Line from *Schedule A/B*: **3.1** | $7,192.00 | ■ $0.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.010** |
| **1997 Ford E-250 119500 miles work truck with mounted carpet cleaning equipment circa 2001** Line from *Schedule A/B*: **3.2** | $8,500.00 | ■ $8,500.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.060** |
| **1998 Plymouth Voyager 242134 miles** Line from *Schedule A/B*: **3.3** | $500.00 | ■ $500.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.010** |
| **Household goods and furnishings** Line from *Schedule A/B*: **6.1** | $1,000.00 | ■ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | | Case number (if known) |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **clothes**<br>Line from *Schedule A/B*: **11.1** | **$600.00** | ■ **$600.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| **used sound equipment**<br>Line from *Schedule A/B*: **40.1** | **$2,500.00** | ■ **$2,500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.060** |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Evette Frances Minor** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Kevin Cortez Minor** | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA | |
| Case number (if known) | | ☐ Check if this is an amended filing |

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| 2.1 **Community First Cred** | Describe the property that secures the claim:<br>**2013 Dodge Grand Caravan 109504 miles** | $14,080.00 | $7,192.00 | $6,888.00 |

Creditor's Name

**Po Box 6004
Santa Rosa, CA 95406**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ Check if this claim relates to a community debt

**As of the date you file, the claim is:** Check that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)

| Date debt was incurred | **Opened 07/15  Last Active 07/18** | Last 4 digits of account number | **0080** |
|---|---|---|---|

| 2.2 **Ocwen Loan Servicing, Llc** | Describe the property that secures the claim:<br>**1252 Poplar St<br>Santa Rosa CA 95407<br>APN 037-161-010-000** | $189,613.00 | $430,000.00 | $0.00 |

Creditor's Name

**Attn: Research/Bankruptcy
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**As of the date you file, the claim is:** Check that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| | | | |
|---|---|---|---|
| Debtor 1 | **Evette Frances Minor** | | Case number (if known) |
| | First Name          Middle Name          Last Name | | |
| Debtor 2 | **Kevin Cortez Minor** | | |
| | First Name          Middle Name          Last Name | | |

☐ **Check if this claim relates to a community debt**  ■ Other (including a right to offset)  **Deed of Trust**

| | | | |
|---|---|---|---|
| **Date debt was incurred** | **Opened 7/08/05 Last Active 4/23/18** | Last 4 digits of account number | **1343** |

---

| 2.3 | **Specialized Loan Servicing, LLC** | Describe the property that secures the claim: | **$196,304.00** | **$430,000.00** | **$0.00** |
|---|---|---|---|---|---|
| | Creditor's Name | | | | |

**1252 Poplar St
Santa Rosa CA 95407
APN 037-161-010-000**

**8742 Lucent Blvd, Ste 300
Littleton, CO 80129**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **Deed of Trust**

| | | | |
|---|---|---|---|
| Date debt was incurred | | Last 4 digits of account number | **7500** |

---

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | **$399,997.00** |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$399,997.00** |

---

**Part 2:** List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

---

Official Form 106D     Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**     page 2 of 2

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | **Kevin Cortez Minor** |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                                   12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

   ☑ No. Go to Part 2.

   ☐ Yes.

### Part 2:   List All of Your NONPRIORITY Unsecured Claims

3.  **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ☑ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | | Total claim |
|---|---|---|---|---|
| 4.1 | **1st Finl Invstmnt Fund (Original Cr** | Last 4 digits of account number | 1370 | $717.00 |

Nonpriority Creditor's Name
**230 Peachtree St Ste 170**
**Atlanta, GA 30303**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**When was the debt incurred?**    **Opened  8/20/08**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   **Collection Hsbc Card Services  Inc.**

Debtor 1 **Evette Frances Minor**

Debtor 2 **Kevin Cortez Minor**

Case number (if know) _____

| | | | |
|---|---|---|---|
| 4.2 | **Aes/Pheaa (Original Creditor:Bk Ny** | Last 4 digits of account number **9001** | **$37,136.00** |

Nonpriority Creditor's Name

**Student Loan Svc Ctr**
**Harrisburg, PA 17105**

Number Street City State Zip Code

When was the debt incurred? **Opened 2/06/09**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify **Educational Bk Ny Elt Slma Trst**

---

| | | | |
|---|---|---|---|
| 4.3 | **Cap One** | Last 4 digits of account number **4991** | **Unknown** |

Nonpriority Creditor's Name

**Pob 30281**
**Salt Lake City, UT 84130**

Number Street City State Zip Code

When was the debt incurred? **Opened 9/01/02 Last Active 12/01/07**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify **CreditCard**

---

| | | | |
|---|---|---|---|
| 4.4 | **Chase Card Services** | Last 4 digits of account number **1931** | **$1,900.00** |

Nonpriority Creditor's Name

**Correspondence Dept**
**Po Box 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

When was the debt incurred? **Opened 7/03/17 Last Active 07/18**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify **Credit Card**

---

Debtor 1 **Evette Frances Minor**
Debtor 2 **Kevin Cortez Minor**

Case number (if know) _____

| | | | |
|---|---|---|---|
| 4.5 | **Child Support Services Division** | Last 4 digits of account number  **4601** | **$17,000.00** |

Nonpriority Creditor's Name
**PO Box 37868**
**Washington, DC 20013-7868**
Number Street City State Zip Code

When was the debt incurred?  _____

**Who incurred the debt?** Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  _____

---

| | | | |
|---|---|---|---|
| 4.6 | **Citibank/Sears** | Last 4 digits of account number  **3720** | **$3,326.00** |

Nonpriority Creditor's Name
**Centralized Bankruptcy**
**Po Box 790034**
**St Louis, MO 63179**
Number Street City State Zip Code

When was the debt incurred?  **Opened 07/17  Last Active 6/19/18**

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Credit Card**

---

| | | | |
|---|---|---|---|
| 4.7 | **Citibank/The Home Depot** | Last 4 digits of account number  **6217** | **$424.00** |

Nonpriority Creditor's Name
**Centralized Bankruptcy**
**Po Box 790034**
**St Louis, MO 63179**
Number Street City State Zip Code

When was the debt incurred?  **Opened 03/18  Last Active 6/06/18**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Charge Account**

---

Case: 18-10482    Doc# 1    Filed: 07/14/18    Entered: 07/14/18 16:56:37    Page 23 of 45

Debtor 1  **Evette Frances Minor**
Debtor 2  **Kevin Cortez Minor**

Case number (if know) _____

| 4.8 | **Convergent Outsourcing, Inc.** | Last 4 digits of account number _____ | **$2,422.56** |

Nonpriority Creditor's Name
**PO Box 9004**
**Renton, WA 98057**
Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.9 | **Dept of Ed / Navient** | Last 4 digits of account number  0313 | **$78,718.00** |

Nonpriority Creditor's Name
**Attn: Claims Dept**
**Po Box 9635**
**Wilkes Barr, PA 18773**
Number Street City State Zip Code

When was the debt incurred?  **Opened 03/12  Last Active 6/30/18**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify  **Educational**

---

| 4.10 | **Dynamic Recovery Solutions** | Last 4 digits of account number  1632 | **$4,505.90** |

Nonpriority Creditor's Name
**PO Box 25759**
**Greenville, SC 29616-0759**
Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

Case: 18-10482   Doc# 1   Filed: 07/14/18   Entered: 07/14/18 16:56:37   Page 24 of 45

Debtor 1  **Evette Frances Minor**
Debtor 2  **Kevin Cortez Minor**

Case number (if know) _____

| 4.1 1 | **North Coast Collection (Original Cr** | Last 4 digits of account number | **6006** | $15,378.00 |

Nonpriority Creditor's Name

**3700 Montgomery Dr**
**Santa Rosa, CA 95405**

Number Street City State Zip Code

**When was the debt incurred?**    **Opened  5/05/08  Last Active 6/01/10**

**Who incurred the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Collection Redwood Credit Union  C**

---

| 4.1 2 | **Synchrony Bank/ JC Penneys** | Last 4 digits of account number | **4231** | $55.00 |

Nonpriority Creditor's Name

**Attn:  Bankruptcy Dept**
**Po Box 965060**
**Orlando, FL 32896**

Number Street City State Zip Code

**When was the debt incurred?**    **Opened 04/18  Last Active 6/03/18**

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Charge Account**

---

| 4.1 3 | **Synchrony Bank/Amazon** | Last 4 digits of account number | **8607** | $627.00 |

Nonpriority Creditor's Name

**Attn:  Bankruptcy Dept**
**Po Box 965060**
**Orlando, FL 32896**

Number Street City State Zip Code

**When was the debt incurred?**    **Opened 12/16  Last Active 07/18**

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Charge Account**

Case: 18-10482   Doc# 1   Filed: 07/14/18   Entered: 07/14/18 16:56:37   Page 25 of 45

Debtor 1 **Evette Frances Minor**
Debtor 2 **Kevin Cortez Minor**

Case number *(if know)*

| 4.14 | **Synchrony Bank/Gap** | Last 4 digits of account number | **9202** | **$653.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**Po Box 965060**
**Orlando, FL 32896**
Number Street City State Zip Code

When was the debt incurred? **Opened 06/17  Last Active 06/18**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Credit Card**

Is the claim subject to offset?
■ No
☐ Yes

| 4.15 | **Wells Fargo Bank** | Last 4 digits of account number | **2692** | **$4,579.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**Po Box 6429**
**Greenville, SC 29606**
Number Street City State Zip Code

When was the debt incurred? **Opened 07/17  Last Active 6/17/18**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Credit Card**

Is the claim subject to offset?
☐ No
☐ Yes

---

**Part 3:** List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Worldwide Asset Purchasing**
**PO Box 390846**
**Minneapolis, MN 55439**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.8** of *(Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

**Part 4:** Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |

| Debtor 1 | **Evette Frances Minor** | |
|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if know)* |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 6e. | **Total Priority.** Add lines 6a through 6d. | | 6e. | $ | 0.00 |

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | 78,718.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 88,723.46 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 167,441.46 |

Case: 18-10482    Doc# 1    Filed: 07/14/18    Entered: 07/14/18 16:56:37    Page 27 of 45

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Kevin Cortez Minor** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |
| **2.1** | |
| Name | |
| Number      Street | |
| City                State          ZIP Code | |
| **2.2** | |
| Name | |
| Number      Street | |
| City                State          ZIP Code | |
| **2.3** | |
| Name | |
| Number      Street | |
| City                State          ZIP Code | |
| **2.4** | |
| Name | |
| Number      Street | |
| City                State          ZIP Code | |
| **2.5** | |
| Name | |
| Number      Street | |
| City                State          ZIP Code | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | **Kevin Cortez Minor** |
| (Spouse if, filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number | _____ |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106H
## Schedule H: Your Codebtors     12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☑ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |

3.1
Name _____

Number   Street
City   State   ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.2
Name _____

Number   Street
City   State   ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| Debtor 2 (Spouse, if filing) | **Kevin Cortez Minor** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

<u>Official Form 106I</u>

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed <br> ☐ Not employed | ■ Employed <br> ☐ Not employed |
| | Occupation | office manager | technician |
| | Employer's name | self employed | self employed |
| | Employer's address | A Minors Touch <br> carpet and upholstry care <br> 1252 Poplar St <br> Santa Rosa, CA 95407 | A Minors Touch <br> carpet and upholstry care <br> 1252 Poplar St <br> Santa Rosa, CA 95407 |
| | How long employed there? | 9 years | 9 years |

## Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $ 0.00 | $ 0.00 |

Schedule I: Your Income

Debtor 1    **Evette Frances Minor**
Debtor 2    **Kevin Cortez Minor**             Case number (*if known*) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ 0.00 | $ 0.00 |

5. **List all payroll deductions:**

|  |  |  | For Debtor 1 | | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | | $ 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | | $ 0.00 |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 | + | $ 0.00 |

| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 0.00 |
|---|---|---|---|---|
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 0.00 |

8. **List all other income regularly received:**

| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 2,148.00 | | $ 2,148.00 |
|---|---|---|---|---|---|
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | | $ 0.00 |
| 8h. | **Other monthly income.** Specify: _____ | 8h.+ | $ 0.00 | + | $ 0.00 |

| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 2,148.00 | $ 2,148.00 |
|---|---|---|---|---|

| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 2,148.00 | + | $ 2,148.00 | = | $ 4,296.00 |
|---|---|---|---|---|---|---|---|

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____    11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12. $ 4,296.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain: _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| Debtor 2 (Spouse, if filing) | **Kevin Cortez Minor** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ☒ Yes. **Does Debtor 2 live in a separate household?**

       ☒ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ☐ No

   Do not list Debtor 1 and Debtor 2.

   ☒ Yes. Fill out this information for each dependent.............

   Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | Son | 11 | ☐ No  ☒ Yes |
| | Son | 14 | ☐ No  ☒ Yes |
| | Daughter | 17 | ☐ No  ☒ Yes |
| | Daughter | 19 | ☐ No  ☒ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**  ☒ No  ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

| | | |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $      0.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $      0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $      0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $      100.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $      0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $      0.00 |

| Debtor 1 | **Evette Frances Minor** | | | |
|---|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | | Case number (if known) | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6. | **Utilities:** | | | | | |
| | 6a. | Electricity, heat, natural gas | | 6a. | $ | 90.00 |
| | 6b. | Water, sewer, garbage collection | | 6b. | $ | 100.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | | 6c. | $ | 40.00 |
| | 6d. | Other. Specify: **internet** | | 6d. | $ | 30.00 |
| | | **garbage** | | | $ | 25.00 |
| | | **cable** | | | $ | 100.00 |
| 7. | **Food and housekeeping supplies** | | | 7. | $ | 900.00 |
| 8. | **Childcare and children's education costs** | | | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | | 9. | $ | 165.00 |
| 10. | **Personal care products and services** | | | 10. | $ | 40.00 |
| 11. | **Medical and dental expenses** | | | 11. | $ | 80.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | | 12. | $ | 300.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | | | |
| | 15a. | Life insurance | | 15a. | $ | 215.00 |
| | 15b. | Health insurance | | 15b. | $ | 0.00 |
| | 15c. | Vehicle insurance | | 15c. | $ | 113.00 |
| | 15d. | Other insurance. Specify: | | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | | | |
| | 17a. | Car payments for Vehicle 1 | | 17a. | $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | | 17b. | $ | 0.00 |
| | 17c. | Other. Specify: | | 17c. | $ | 0.00 |
| | 17d. | Other. Specify: | | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | | | |
| | 20a. | Mortgages on other property | | 20a. | $ | 0.00 |
| | 20b. | Real estate taxes | | 20b. | $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | | 20c. | $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | | 20d. | $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | | | 21. | +$ | 0.00 |
| 22. | **Calculate your monthly expenses** | | | | | |
| | 22a. | Add lines 4 through 21. | | | $ | 2,298.00 |
| | 22b. | Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | | $ | |
| | 22c. | Add line 22a and 22b. The result is your monthly expenses. | | | $ | 2,298.00 |
| 23. | **Calculate your monthly net income.** | | | | | |
| | 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | | 23a. | $ | 4,296.00 |
| | 23b. | Copy your monthly expenses from line 22c above. | | 23b. | -$ | 2,298.00 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | | 23c. | $ | 1,998.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes. | Explain here: |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Evette Frances Minor** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Kevin Cortez Minor** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X **/s/ Evette Frances Minor** | X **/s/ Kevin Cortez Minor** |
|---|---|
| **Evette Frances Minor** | **Kevin Cortez Minor** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date **July 14, 2018** | Date **July 14, 2018** |

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 | **Evette Frances Minor** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Kevin Cortez Minor** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy                 4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Give Details About Your Marital Status and Where You Lived Before

**1.    What is your current marital status?**

■ Married
☐ Not married

**2.    During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
| --- | --- | --- | --- |

**3.    Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2     Explain the Sources of Your Income

**4.    Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
| --- | --- | --- | --- | --- |
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips | **$15,000.00** | ☐ Wages, commissions, bonuses, tips | **$15,000.00** |
| | ■ Operating a business | | ■ Operating a business | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* | |

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For last calendar year:** (January 1 to December 31, 2017 ) | ■ Wages, commissions, bonuses, tips | **$11,592.00** | ☐ Wages, commissions, bonuses, tips | **$28,067.00** |
| | ☐ Operating a business | | ■ Operating a business | |
| **For the calendar year before that:** (January 1 to December 31, 2016 ) | ☐ Wages, commissions, bonuses, tips | **$18,022.50** | ☐ Wages, commissions, bonuses, tips | **$18,022.50** |
| | ■ Operating a business | | ■ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

■ No
☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income** (before deductions and exclusions) |

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

☐ No. Go to line 7.
☐ Yes List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No. Go to line 7.
☐ Yes List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com | Best Case Bankruptcy

| Debtor 1 | **Evette Frances Minor** | | |
|---|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* | |

**7.** Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

**8.** Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:** Identify Legal Actions, Repossessions, and Foreclosures

**9.** Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

■ No
☐ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

**10.** Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
|---|---|---|---|

**11.** Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?
■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

**12.** Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?
■ No
☐ Yes

**Part 5:** List Certain Gifts and Contributions

**13.** Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?
■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

Official Form 107          **Statement of Financial Affairs for Individuals Filing for Bankruptcy**          page **3**

| Debtor 1 | **Evette Frances Minor** | |
|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* |

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

---

**Part 6:** List Certain Losses

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☐ No
■ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|
| **Debtors lost clients due to the October 2017 fires** | | | **Unknown** |

---

**Part 7:** List Certain Payments or Transfers

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Evan Livingstone, Attorney at Law<br>740 Fourth St #215<br>Santa Rosa, CA 95404** | **$1,200 legal fees<br>$ 310 court fees<br>$ 40 credit report** | **7/7/2018** | **$1,550.00** |

---

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

**18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

---

**Statement of Financial Affairs for Individuals Filing for Bankruptcy**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1   **Evette Frances Minor**
Debtor 2   **Kevin Cortez Minor**

Case number (*if known*)

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☐ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

| **Part 8:** | List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units |
|---|---|

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☐ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☐ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

| **Part 9:** | Identify Property You Hold or Control for Someone Else |
|---|---|

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☐ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

| **Part 10:** | Give Details About Environmental Information |
|---|---|

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

| Debtor 1 | **Evette Frances Minor** | |
|----------|--------------------------|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number (*if known*) |

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

**25. Have you notified any governmental unit of any release of hazardous material?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

**Part 11:** Give Details About Your Business or Connections to Any Business

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| **A Minors Touch**<br>**1252 Poplar St**<br>**Santa Rosa, CA 95407** | carpet and upholstry care | EIN: **42-1661002**<br><br>From-To **2001 - Present** |

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ No
☐ Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor 1 | **Evette Frances Minor** | |
|---|---|---|
| Debtor 2 | **Kevin Cortez Minor** | Case number *(if known)* |

| **Part 12:** | Sign Below |
|---|---|

**I have read the answers on this** *Statement of Financial Affairs* **and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.**
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| /s/ Evette Frances Minor | /s/ Kevin Cortez Minor |
|---|---|
| **Evette Frances Minor** | **Kevin Cortez Minor** |
| **Signature of Debtor 1** | **Signature of Debtor 2** |
| Date    **July 14, 2018** | Date    **July 14, 2018** |

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**
■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
■ No
☐ Yes. Name of Person _____ . Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

**Chapter 11: Reorganization**

---

| | | |
|---|---|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Chapter 12: Repayment plan for family farmers or fishermen**

| | | |
|---|---|---|
| | $200 | filing fee |
| + | $75 | administrative fee |
| | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

**Chapter 13: Repayment plan for individuals with regular income**

| | | |
|---|---|---|
| | $235 | filing fee |
| + | $75 | administrative fee |
| | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

> domestic support obligations,
>
> most student loans,
>
> certain taxes,
>
> debts for fraud or theft,
>
> debts for fraud or defalcation while acting in a fiduciary capacity,
>
> most criminal fines and restitution obligations,
>
> certain debts that are not listed in your bankruptcy papers,
>
> certain debts for acts that caused death or personal injury, and
>
> certain long-term secured debts.

<div style="border:1px solid gray; background:#e8e8e8; padding:10px;">

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

</div>

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

# EXHIBIT 2

# EXHIBIT 2

Branch :F7I,User :TZ01       Comment:                    Station Id :AFC1

Case 3:19-cv-08151-JCS Document 1-4 Filed 12/16/19 Page 89 of 131
Case 3:19-cv-08151-JCS Document 2 Filed 12/16/19 Page 89 of 64

Recording Requested By:
J. BELLEW



CHICAGO TITLE CO.
07/15/2005 15:42 TRD
RECORDING FEE: 53.00
PAID

**2005102470**
OFFICIAL RECORDS OF
SONOMA COUNTY
EEVE T. LEWIS
**14** PGS

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
NARANN IM



[Space Above This Line For Recording Data]

239186                    00010983236107005
[Escrow/Closing #]              [Doc ID #]

## DEED OF TRUST AND ASSIGNMENT OF RENTS

MIN 1000157-0005398550-9

This Deed of Trust secures an obligation which calls for payment of interest at a variable interest rate.
THIS DEED OF TRUST is made this 8th                day of JULY, 2005          , between
EVETTE F MINOR, A MARRIED WOMAN

whose address is,
1252 POPLAR STREET, SANTA ROSA, CA 95407
herein called "Trustor,"
RECONTRUST COMPANY, N.A.
225 W HILLCREST DRIVE, MSN: TO-02, THOUSAND OAKS, CA 91360
herein called "Trustee," and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS")
a Delaware corporation with an address of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**MERS is the "Beneficiary" under this Deed of Trust** and is acting solely as a nominee for
COUNTRYWIDE HOME LOANS, INC.

("Lender" or "you") and its successors and assigns, with an address of
4500 Park Granada, Calabasas, CA 91302-1613
Trustor irrevocably grants, transfers and assigns to Trustee, in trust and with power of sale, all of the real
property in the City or Town of SANTA ROSA                        , County of
SONOMA                          , State of California, having the street address of
1252 POPLAR STREET, SANTA ROSA, CA 95407

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)(d)                    Page 1 of 10                    Initials 

* 2 3 9 9 1 *                    * 1 0 9 8 3 2 3 6 1 0 0 0 0 0 1 D 9 8 8 *

Branch :F7I,User :TZ01          Comment:          Station Id :AFC1

Case 3:19-cv-08151-JCS Document 1-4 Filed 12/16/19 Page 90 of 131
Case 3:19-cv-08151-JCS Document 1-4 Filed 12/16/19 Page 91 of 131

DOC ID #: 0001098323610700S

and more specifically described as:
LOT 6, IN BLOCK 2, AS SHOWN ON THAT CERTAIN MAP ENTITLED "MAP OF CORBY
PARK, ETC.", FILED JUNE 26, 1946 IN BOOK 56 OF MAPS AT PAGE 29, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID SONOMA COUNTY.

Parcel ID Number: 037161010                          together with all improvements
now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to
the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and
gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the
property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part
of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the
leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property."

TRUSTOR UNDERSTANDS and agrees that MERS is a separate corporation acting solely as nominee
for Lender and Lender's successors and assigns, and holds only legal title to the interests granted by Trustor
in this Deed of Trust, but, if necessary to comply with law or custom, MERS (as nominee for Lender and
Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not
limited to, the right to foreclose and sell the Property, and to take any action required of Lender including,
but not limited to, releasing or canceling this Deed of Trust.

1.      THIS DEED OF TRUST SECURES:

        a.      All of the obligations of Trustor in favor of Lender or order under the terms of a revolving
        credit agreement dated JULY 8, 2005              , herein called Agreement. The Agreement
        provides, among other things, for the payment of all sums advanced by Lender from time to time
        pursuant to the Agreement and for the payment of interest. The maximum principal obligation
        under the Agreement to be secured by this Deed of Trust at any one time is
        NINETY TWO THOUSAND and 00/100
        Dollars ($ 92,000.00        .) unless Lender, with Trustor's written consent, hereafter
        increases this amount. Advances made by Lender to protect the security of this Deed of Trust or to
        preserve the Property shall not be subject to the limitation of the preceding sentence.

        The security of this Deed of Trust shall not be affected by the extension, renewal or modification
        from time to time of the obligations, instruments or agreements described above.

        b.      Payment of any and all obligations and liabilities, whatsoever, whether primary, secondary,
        direct, indirect, fixed or contingent, whether now or hereafter due from Trustor (or any successor in
        interest to Trustor) whether created directly or acquired by assignment if the document evidencing
        such obligation or liability or any other writing signed by Trustor (or any successor in interest to
        Trustor) specifically provides that said obligation or liability is secured by this Deed of Trust.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                        Page 2 of 10                        Initials

Branch :F7I,User :TZ01          Comment:          Station Id :AFC1

Case 3:19-cv-08151-JCS Document 1-4 Filed 12/16/19 Page 91 of 131
Case 3:19-cv-08151-JCS Document 1-4 Filed 12/16/19 Page 2 of 64

DOC ID #: 00010983236107005

c.   Performance of each agreement of Trustor herein contained or contained in any other agreement, instrument or other writing to which Trustor is a party if the same is written in connection with any of the foregoing.

d.   Payment of all sums to be expended by the Lender or Trustee pursuant to the terms hereof.

2.   **TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**

a.   To keep the Property in good condition and repair; not to remove or demolish any building or improvement thereon; to complete or cause to be completed any construction of buildings or other improvements thereon which are financed in whole or in part by the indebtedness secured hereby and to restore promptly and in good and workmanlike manner any building or other improvement which may be damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting the Property or requiring any alteration or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said Property in violation of law; to cultivate, irrigate, weed, fertilize, fumigate, spray, prune and do all other acts which from the character or use of the Property may be reasonably necessary, the specific enumerations herein not excluding the general.

b.   To provide, maintain and deliver to Lender fire and other insurance on the Property satisfactory to and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon indebtedness secured hereby and in such order as Lender may determine, or at option of Lender, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default hereunder or invalidate any act done pursuant to such notice.

c.   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Lender or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Lender or Trustee may appear, and in any suit brought by Lender to foreclose this Deed of Trust. It is agreed that the Lender shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid with the proceeds of the Agreement secured hereby.

d.   To pay at least ten days before delinquency all taxes and assessments affecting the Property, including, without limitation, assessment on appurtenant water stock, all encumbrances, charges and liens on the Property or any part thereof, and all costs, fees and expenses of this trust.

e.   That should Trustor fail to make any payment or do any act as herein provided, then Lender or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may:

(1)   Make or do the same in such manner and to such extent as either may deem necessary or appropriate to protect the security hereof, Lender or Trustee being authorized to enter upon the Property for such purposes.

(2)   Appear in and defend any action or proceeding purporting to affect the security hereof or the rights or power of Lender or Trustee.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                    Page 3 of 10                    Initials: _____

Branch :F7I,User :TZ01   Comment:   Station Id :AFC1

Case 3:19-cv-08153-JCS  Document 1-4  Filed 12/16/19  Page 92 of 131
Case 3:19-cv-08153-JCS  Document 1  Filed 12/16/19  Page 93 of 64

DOC ID #: 00010983236107005

(3)   Pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior and superior hereto.

(4)   In exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

f.   To pay immediately and without demand all sums so expended by Lender or Trustee, with interest from date of expenditure at the maximum rate allowed by law in effect at the date hereof or at the option of Lender, such sums may be added to the principal balance of any indebtedness secured hereby and shall bear the highest rate of interest as any such indebtedness.

g.   To pay for any statement provided for by the law in effect on the date hereof regarding the obligation secured hereby in the amount demanded by the Lender but not to exceed the maximum allowed by law at the time the statement is demanded.

3.   IT IS FURTHER AGREED THAT:

a.   Any award of damages in connection with any condemnation for public use of or injury to the Property or any part thereof is hereby assigned and shall be paid to Lender who may apply or release such monies received by it in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

b.   By accepting payment of any sum secured hereby after its due date, or after the filing of notice of default and of election to sell, Lender shall not waive its right to require prompt payment when due of all other sums so secured, or to declare default for failure so to pay, or to proceed with the sale under any such notice of default and of election to sell, for any unpaid balance of said indebtedness. If Lender holds any additional security for any obligation secured hereby, it may enforce the sale thereof at its option, either before, contemporaneously with, or after the sale is made hereunder, and on any default of Trustor, Lender may, at its option, offset against any indebtedness owing by it to Trustor, the whole or any part of the indebtedness secured hereby.

c.   Without affecting the liability of any person, including, without limitation, Trustor, for the payment of any indebtedness secured hereby, or the lien of this Deed of Trust on the remainder of the Property for the full amount of any indebtedness unpaid, Lender and Trustee are respectively empowered as follows:

(1)   Lender may from time to time and without notice (a) release any person liable for the payment of any of the indebtedness, (b) extend the time or otherwise alter the terms of payment of any of the indebtedness, (c) accept additional security therefor of any kind, including Deeds of Trust or mortgages, (d) alter, substitute or release any of the Property securing the indebtedness.

(2)   Trustee may, at any time, and from time to time, upon the written request of Lender (a) consent to the making of any map or plat of the Property, (b) join in granting any easement or creating any restriction thereon, (c) join in any subordination or other agreement affecting this Deed of Trust or the lien or charge thereof or, (d) reconvey, without any warranty, all or any part of the Property.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                      Page 4 of 10                   Initials:



Branch :F7I,User :TZ01    Comment:    Station Id :AFC1

Case 3:19-cv-08153-JCS   Document 1-4   Filed 12/16/19   Page 94 of 131
Case 3:19-cv-08153-JCS   Document 1-4   Filed 12/16/19   Page 95 of 64

DOC ID #: 00010983236107005

d.    Upon (a) written request of Lender or (b) performance of all obligations of the Trustor hereunder and under each and every note, guarantee, Agreement or other writing evidencing the indebtedness secured hereby, and upon surrender of this Deed of Trust to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held hereunder. The recital in such reconveyance of any matters of facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such reconveyance, Trustee may destroy said note, guarantee, Agreement or other evidence of indebtedness and this Deed of Trust (unless directed in such request to retain them).

e.    Trustor hereby gives to and confers upon Lender the right, power and authority during the continuance of these trusts to collect the rents, issues and profits of the Property and of any personal property located thereon, and hereby absolutely and unconditionally assigns all such rents, issues and profits to Lender; provided, however, that Lender hereby consents to the collection and retention of such rents, issues and profits as they accrue and become payable only if Trustor is not, at such time, in default with respect to payment of any indebtedness secured hereby or in the performance of any agreement hereunder. Upon any such default, Lender may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, without regard to the adequacy of any security for the indebtedness hereby secured and without limiting the generality of Section 2.e.(1), above, enter upon and take possession of the Property or any part thereof, and in its own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Lender may determine; also perform such acts of repair, nurturing, cultivation, irrigation, weeding, fertilizing, fumigation, spraying, pruning or protection, as may be necessary or proper to conserve the value of the Property or any trees, planting or crops growing thereon; also lease the same or any part thereof for such rental, term, and upon such conditions as its judgment may dictate; also prepare for harvest, sever, remove, and sell any crops that may be growing upon the premises, and apply the net proceeds thereof to the indebtedness secured hereby. The entering upon and taking possession of the Property and performance or failure to perform any of the acts described in the preceding sentence, the collection of or failure to collect such rents, issues and profits, and the application thereof as aforesaid, shall not waive or cure any default or notice of default hereunder, or invalidate any act done pursuant to such notice and shall not constitute or otherwise result in any assumption by or liability of Lender for maintenance, depreciation, misuse or risk of loss other than for damage or loss to the Property due to Lender's gross negligence or intentional torts. Trustor also assigns to Trustee, as further security for the performance of the obligations secured hereby, all prepaid rents and all monies which may have been or may hereafter be deposited with said Trustor by any lessee of the premises herein described, to secure the payment of any rent, and upon default in the performance of any of the provisions hereof, Trustor agrees to deliver such rents and deposits to the Trustee.

f.    Upon default by Trustor in the performance of any payment or other obligation secured hereby or in the performance of any agreement hereunder, or if, whether voluntarily or involuntarily, there is a sale or transfer of all or any part of (i) the Property or an interest therein, or (ii) a beneficial interest in Trustor and Trustor is not a natural person, or if Trustor ceases to use the Property as Trustor's primary residence, Lender may declare all sums secured hereby immediately due without notice or demand and no waiver of this right shall be effective unless in writing and signed by Lender.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                     Page 5 of 10                     Initials:

Branch :F7I,User :TZ01        Comment:        Station Id :AFC1

Case 3:19-cv-08153-JCS Document 1-4 Filed 12/16/19 Page 95 of 131
Case 3:19-cv-08153-JCS Document 1-2 Filed 12/15/09 Page 6 of 64

DOC ID #: 00010983236107005

g.    Waiver of a right granted to Lender hereunder as to one transaction or occurrence shall not be deemed to be a waiver of the right as to any subsequent transaction or occurrence. Lender may rescind any notice before Trustee's sale by executing a notice of rescission and recording the same. The recordation of such notice shall constitute also a cancellation of any prior declaration of default and demand for sale, and of any acceleration of maturity of indebtedness affected by any prior declaration or notice of default. The exercise by Lender of the right of rescission shall not constitute a waiver of any default then existing or subsequently occurring, nor impair the right of the Lender to execute other declarations of default and demand for sale, or notices of default and of election to cause the Property to be sold, nor otherwise affect the note or deed of trust, or any of the rights, obligations or remedies of the Lender or Trustee hereunder.

h.    At least three months or any lesser period required by law having elapsed between the recordation of the notice of default and the date of sale, Trustee, having first given notice of sale as then required by law, shall sell the Property at the time and place of sale fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as the Trustee may determine, at public auction to the highest bidder for cash, in lawful money of the United States of America, payable at the time of sale except as otherwise permitted by law. Trustee may postpone sale of all or any portion of the Property by public announcement at the time of sale, and from time to time thereafter may postpone the sale by public announcement, all as permitted by law. Trustee shall deliver to the purchaser its deed conveying the Property so sold, but without any covenant or warranty, expressed or implied. The recital in any such deed of any matters or facts, stated either specifically or in general terms, or as conclusions of law or fact, shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Lender, may purchase at the sale. After deducting all costs, fees and expenses of Trustee and of this trust, including costs of evidence of title in connection with the sale, the Trustee shall apply the proceeds of this sale to the payment of all sums then secured hereby, in such order and manner as may be required by the Lender; the remainder, if any, to be paid to the person or persons legally entitled thereto. If Lender shall elect to bring suit to foreclose this Deed of Trust in the manner and subject to the provisions, rights and remedies relating to the foreclosure of a mortgage, Lender shall be entitled to reasonable attorney's fees and litigation costs.

i.    Lender, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Lender and duly acknowledged and recorded in the office of the recorder of the county or counties where said Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Lender hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new trustee.

j.    This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Lender shall mean the owner and holder, including, without limitation, pledgees, of the note, guarantee, Agreement, or other evidence of indebtedness secured hereby, whether or not named as Lender herein. In this Deed of Trust, whenever the context so requires, the singular number includes the plural.

Branch :F7I,User :TZ01          Comment:          Station Id :AFC1

Case 3:19-cv-08151-JCS  Document 1-4  Filed 12/16/19  Page 96 of 131
Case 3:19-cv-08151-JCS  Document 1-4  Filed 12/16/19  Page 97 of 131

DOC ID #: 00010983236107005

k.   Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Lender or Trustee shall be a party unless brought by Trustee.

l.   If Trustor or any successor in interest to Trustor sells, transfers or encumbers any interest in the Property, whether voluntarily or involuntarily, or if a beneficial interest in Trustor is sold or transferred, voluntarily or involuntarily, and Trustor is not a natural person: (a) the transferor and the transferee shall each immediately give written notice of said transfer to the Lender, at its address designated on the first page of this Deed of Trust; (b) if this Deed of Trust secures Trustor's obligation under an Agreement as defined herein, all credit extended by Lender under the Agreement, whether before or after the Property is transferred, shall be secured under this Deed of Trust as if no transfer had occurred except for credit extended by Lender more than five days after it has received the written notices required by this paragraph.

m.   The pleading of any statute of limitations as a defense to any and all obligations secured by this Deed of Trust is hereby waived to the full extent permitted by law.

4.   WITH REGARD TO ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES, TRUSTOR AGREES:
a.   As used in this Paragraph 4:

(1)   "Environmental Law" means all federal, state and local law concerning the public health, safety or welfare, environment or a Hazardous Substance, including without limitation, the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Sec. 9601 et seq., Resource Conservation and Recovery Act, 42 U.S.C. Sec. 6901 et seq., Toxic Substances Control Act, 15 U.S.C. Sec. 2601 et seq., Hazardous Materials Transportation Act, 49 U.S.C. Sec. 1801 et seq., Clean Water Act and Water Quality Act of 1987, 33 U.S.C. Sec. 1251 et seq., Safe Drinking Water Act, 41 U.S.C. Sec. 300f et seq., Clean Air Act, 42 U.S.C. Sec. 7901 et seq., Carpenter-Presley-Tanner Hazardous Account Act, Cal.Health & Safety Code Sec. 25300 et seq., Hazardous Waste Control Law, Cal.Health & Safety Code Sec. 25100 et seq., Porter-Cologne Water Quality Control Act, Cal.Water Code Sec. 1300 et seq., Hazardous Waste Disposal Land Use Law, Cal.Health & Safety Code Sec. 25220 et seq., Safe Drinking Water and Toxic Enforcement Act of 1986, Cal.Health & Safety Code Sec. 25249.5 et seq., Hazardous Substances Underground Storage Tank Law, Cal.Health & Safety Code Sec. 25280 et seq., Air Resources Law, Cal.Health & Safety Code Sec. 3900 et seq., Hazardous Materials Release Response Plans and Inventory, Cal.Health & Safety Code Sec. 25500 et seq., and Toxic Pits Cleanup Act of 1984, Cal.Health & Safety Code Sec. 25208 et seq.
(2)   "Hazardous Substance" means any substance which has characteristics of ignitability, corrosivity, toxicity, reactivity or radioactivity or other characteristics which render it dangerous or potentially dangerous to public health, safety or welfare or the environment, including without limitation, (i) petroleum or any fraction or other byproduct thereof, (ii) asbestos, (iii) lead, (iv) cyanide, (v) polychlorinated biphenyls, (vi) urea formaldehyde and (vii) anything defined as a "hazardous material," "toxic substance," "hazardous substance," "hazardous waste" or "waste" under any Environmental Law, including without limitation, "hazardous substance" as defined in Cal.Health & Safety Code Sec. 25316 and "waste" and "hazardous substance" as defined in Cal.Water Code Sec. 13050(d) and Sec. 13050(p)(l), respectively. The term is intended by Trustor and Lender to be interpreted in its most comprehensive and cumulative sense.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                Page 7 of 10                          Initials:

Branch :F7I,User :TZ01          Comment:          Station Id :AFC1

Case 3:19-cv-08153-JCS Document 1-4 Filed 12/16/19 Page 97 of 131
Case 3:19-cv-08153-JCS Document 1-2 Filed 12/13/19 Page 98 of 64

DOC ID #: 0001098323610700S

b.    Trustor represents and warrants that except as disclosed to and acknowledged in writing by Lender before the date of this Deed of Trust:

(1)   No Hazardous Substance has been located, used, manufactured, generated, treated, handled, stored, spilled, disposed of, discharged or released by any person on, under or about the Property.

(2)   Trustor has no knowledge of or reason to believe that there is any pending or threatened investigation, assessment, claim, demand, action or proceeding of any kind relating to (i) any alleged or actual Hazardous Substance located under or about the Property or (ii) alleged or actual violation or noncompliance by Trustor or any tenant of Trustor with regard to any Environmental Law involving the Property.

(3)   Neither Trustor nor any tenant of Trustor is required by any Environmental Law to obtain or maintain any permit, license, financial responsibility certificate or other approval as a condition to its business operations or in connection with its use, development or maintenance of the Property.

c.    Trustor represents and warrants that Trustor and every tenant of Trustor have been, are and will remain in full compliance with any Environmental Law applicable to its business operations and its use, development or maintenance of the Property.

d.    Trustor agrees to permit, or cause any tenant of Trustor to permit, Lender to enter and inspect the Property at any reasonable time for purposes of determining, as Lender deems necessary or desirable: (i) the existence, location and nature of any Hazardous Substance on, under or about the Property, (ii) the existence, location, nature, magnitude and spread of any Hazardous Substance that has been spilled, disposed of, discharged or released on, under or about the Property or (iii) whether or not Trustor and any tenant of Trustor are in compliance with applicable Environmental Law. If Trustor or its tenant fails to comply fully with the terms hereof, Lender may obtain affirmative injunctive relief therefor.

e.    Trustor agrees to indemnify and hold Lender and its successors or assigns harmless from and against all losses, claims, demands, liabilities, damages, cleanup, response and remediation costs, penalties and expenses, including, without limitation, all costs of litigation and attorneys' fees, which Lender and its successors and assigns may directly or indirectly sustain or suffer as a consequence of any inaccuracy or breach of any representation, warranty or promise made in this Deed of Trust in connection with any Hazardous Substance or Environmental Law. Notwithstanding any of the language in this Deed of Trust to the contrary, this indemnity covers claims asserted after all the indebtedness secured by this Deed of Trust has been paid and discharged, whether or not this Deed of Trust has also been reconveyed to Trustor. The only exclusions hereto may relate to claims arising out of the affirmative acts of Lender or of a third party after Trustor's interest in the Property has terminated.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                              Page 8 of 10                              Initials:

DOC ID #: 00010983236107005

    f.    The provisions of this Paragraph 4 shall not be affected by the acquisition by Lender or its successors or assigns of any ownership or other interest in the Property beyond Lender's security interest in the Property created under this Deed of Trust, whether or not such acquisition is pursuant to the foreclosure of this Deed of Trust or a merger of the interest of the Lender or its successors and assigns in the Property.

5.      ADDITIONAL PROVISIONS:

    a.    The execution of this Deed of Trust by any person who has no present interest in the Property shall not be deemed to indicate that such an interest presently exists. Rather, execution of this Deed of Trust by such a person shall constitute such person's agreement that if such person hereafter acquires an interest in the Property, such interest shall be subject to the interest granted hereunder.

    b.    The execution of this Deed of Trust by any person who has a present interest in the Property shall not in itself be deemed to indicate that such person is liable to Lender for any obligation described in Section 1., above. Any personal liability of such person to Lender shall be determined on an independent basis (such as execution of the document or documents evidencing the obligation described in Section 1., above). Execution of this Deed of Trust by any such person shall nevertheless indicate that such person's interest in the Property shall be subject to the interest granted hereunder.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                      Page 9 of 10                        Initials:

Branch :F7I,User :TZ01    Comment:    Station Id :AFC1

Case 3:19-cv-08151-JCS  Document 1-4  Filed 12/16/19  Page 99 of 131
Case 3:19-cv-08151  Document 1-4  Filed 12/13/19  Page 80 of 84

DOC ID #: 00010983236107005

      The undersigned Trustors request that a copy of any notice of default, and of any notice of sale hereunder, be mailed to their respective addresses set forth below.

<u>By signing below, Trustor agrees to all the terms and conditions of this Deed of Trust.</u>

Mailing Address For Notices

*Evette F Minor*
_____

EVETTE F. MINOR
1252 POPLAR STREET
SANTA ROSA, CA 95407

_____


_____


_____


**State of California**
**County of**
On _____ , before me _____

_____ , personally appeared

_____ , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
    WITNESS my hand and official seal.  _____

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                    Page 10 of 10

Prepared by: NARANN IM

LOAN #: 109832361

## REQUEST FOR NOTICE OF DEFAULT

In accordance with Section 2924B, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded                    ,                    , in Book                    page                    records of                    County, (or filed for record with recorder's serial number                    County) California, executed by                    as trustor (or mortgagor) in which                    , is named as beneficiary (or mortgagee and                    as trustee to be mailed to:

Home Equity Loan Servicing Department
Attention:        Default
400 Countrywide Way, Mail Stop SV-225
Simi Valley, CA  93065

NOTICE:  A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request.  If your address changes, a new request must be recorded.

Signature  _____

STATE OF CALIFORNIA                                )
                                                                    )        SS.
COUNTY OF LOS ANGELES                       )

On this          day of                    ,          before me,
                                                            , Notary Public, personally appeared                    personally known to me to be the person whose name is signed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____

● HELOC - CA Request for Notice of Default
1C601-CA (01/03)(d)

Branch :F7I,User :TZ01     Comment:     Station Id :AFC1

Case 3:19-cv-08151-JGS   Document 24   Filed 12/16/19   Page 101 of 131
Case 3:19-cv-08151   Document 24   Filed 12/13/19   Page 62 of 94

**Escrow No.:** 05-**239186**-LK
**Locate No.:** CACTI7728-7728-2512-0000239186
**Title No.:** 05-**239186**

# EXHIBIT "A"

The land referred to herein is situated in the State of California, County of Sonoma, City of Santa Rosa and is described as follows:

Lot 6, in Block 2, as shown on that certain Map entitled "Map of Corby Park, etc.", filed June 26, 1946 in Book 56 of Maps at Page 29, in the Office of the County Recorder of said Sonoma County.

Exhibit Page - Legal(exhibit)(8-02)

Branch :F7I,User :TZ01    Comment:    Station Id :AFC1

Case 3:19-cv-08151-JGS   Document 24   Filed 12/16/19   Page 102 of 131
Case 3:19-cv-08151-JGS   Document 24   Filed 12/16/19   Page 63 of 64

STATE OF  California

COUNTY OF  Sonoma

On  July 11, 2005    before me,  L. Kalodemas
                                      (Name of Notary Public)

personally appeared  Evette Minor

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
(Signature of Notary Public)

L. KALODEMAS
COMM. #1401771
NOTARY PUBLIC - CALIFORNIA
SONOMA COUNTY
My Comm. Expires Feb. 24, 2007
MCI1

(This area for notarial seal)

(notary)(07-02)

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 30 Corporate Park, Suite 310, Irvine, CA 92606.

On December 13, 2019, I served the within document(s) described as: **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANTS THE BANK OF NEW YORK MELLON AND SPECIALIZED LOAN SERVICING, LLC** on the interested parties in this action:

☒     by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Law Offices of Evan Livingstone<br>Evan Livingstone<br>740 4th Street, Suite 215<br>Santa Rosa, California 95404 | Tel: (707) 206-6570<br>Fax: (707) 676-9112<br>Email:<br>evan@evanlivingstone.com | Attorney for Plaintiff<br>Evette Minor |

☒     **BY OVERNIGHT MAIL** (Code Civ. Proc. § 1013(c))—I placed said envelope(s) for collection by **GSO**, following ordinary business practices, at the business offices of The Ryan Firm for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service. It is deposited with said overnight mail service on that same day in the ordinary course of business. I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

☒     (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 13, 2019, at Irvine, California.


                        /s/ Heather Morris
                        HEATHER MORRIS

# EXHIBIT 4

# EXHIBIT 4

Timothy M. Ryan, Bar No. 178059
Tadeusz McMahon, Bar No. 304699
THE RYAN FIRM
A Professional Corporation
30 Corporate Park, Suite 310
Irvine, CA 92606
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendants Specialized Loan Servicing, LLC and The Bank of New York
Mellon f/k/a The Bank of New York as successor indenture trustee to JPMorgan Chase
Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series
2005-D

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVETTE MINOR,<br><br>                Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, SPECIALIZED LOAN SERVICING, LLC and DOES 1-50,<br><br>              Defendants. | Case No.:<br>State Court Case No.: SCV-265499<br>Date Action Filed: November 12, 2019<br><br>*Assigned for All Purposes to*<br>Hon. ******<br>Courtroom: ********<br><br>**DECLARATION OF TADEUSZ MCMAHON IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANTS THE BANK OF NEW YORK MELLON AND SPECIALIZED LOAN SERVICING, LLC**<br><br>Trial Date:    None set. |

**THE RYAN FIRM**
A Professional Corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Declaration of Tadeusz McMahon

**THE RYAN FIRM**
A Professional Corporation

## DECLARATION OF TADEUSZ MCMAHON

I, Tadeuzs McMahon, declare as follows:

1.  I am an attorney, duly licensed to practice law in the State of California and before this Court. I am an associate of The Ryan Firm, APC, and counsel for defendants Specialized Loan Servicing, LLC and The Bank of New York Mellon f/k/a The Bank of New York as successor indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D ("Defendants," collectively). The following facts are true and correct of my own personal knowledge, and if called to testify in this matter, I could and would competently testify thereto.

2.  On December 13, 2019, I used the website Zillow.com to obtain Zillow's estimated value of the real property located at 1252 Poplar Street, Santa Rosa, CA 95407 ("Subject Property"). A true and correct copy of the results from that search are attached hereto as **Exhibit 1.**

3.  On or about December 11, 2019, defendant Specialized Loan Servicing, LLC ("SLS") provided The Ryan Firm with loan servicing documents related to plaintiff Evette Minor's ("Plaintiff") loan, which is the subject of this action.

4.  Included in the documents that I received from SLS was a document entitled "Broker Price Opinion," concerning the Subject Property, dated April 19, 2018. A true and correct copy of the Broker Price opinion document I received from SLS is attached hereto as **Exhibit 2.**

5.  SLS also provided me with a document entitled "Home Equity Line of Credit Payoff Demand Statement," concerning the Subject Property, dated October 16, 2019. A true and correct copy of the "Home Equity Line of Credit Payoff Demand Statement" document that I received from SLS is attached hereto as **Exhibit 3.**

6.  I estimate that an amount of approximately $80,000 in attorneys' fees may be incurred in the event this matter proceeds to trial.

Declaration of Tadeusz McMahon

1

2          I declare under penalty of perjury under the laws of the United States that the

3      foregoing is true and correct and this declaration is executed in Irvine, CA, on December

4      13, 2019.

5

6                                 ___/s/ Tadeusz McMahon_____

7                                       Tadeusz McMahon

8

9

10

11

12

13

**THE RYAN FIRM**
A Professional Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Tadeusz McMahon

# EXHIBIT 1

# EXHIBIT 1



# EXHIBIT 2

# EXHIBIT 2

# Computershare

**1252 Poplar Street**
**Santa Rosa, CA 95407**

## Broker Price Opinion
(Exterior Form)

**Inspection Date:** Apr 19, 2018

### Order Details

| | | | |
|---|---|---|---|
| Client: | Specialized Loan Servicing - Investor | Mortgagor's Name | EVETTE F MINOR |
| Client Loan Number: | 1007287500 | Order Number: | 1090824 |
| Tracking #1 | | Property ID | 494912 |

| | | | |
|---|---|---|---|
| Broker Name | schlote, dave | License Number | CA-01251148 |
| Broker Phone | 7079532774 | eSignature | *Dave Schlote* |
| Broker Company | RE/MAX Gold | Date Signed | Apr 19, 2018 |
| | | *Representative Signature, not actual broker signature* | |



**Subject Front**



**Neighborhood**

### Price Estimate

| | | | |
|---|---|---|---|
| **AS-IS (60-90 Days)** | **$450,000** | **Repaired (60-90 Days)** | **$450,000** |
| **AS-IS (Quick Sale)** | **$435,000** | **Repaired (Quick Sale)** | **$435,000** |
| Estimated Land Value | $150,000 | Total Repair Costs | $0.00 |
| PSF As-Is (Price per Sq Ft) | $341.17 | PSF Repaired(Price per Sq Ft) | $341.17 |

### General Information

| | | | |
|---|---|---|---|
| County | Sonoma | Overall Condition | C4 |
| Development or Neighborhood Name | Corby Park | Curb Appeal | Average |
| Zoning | Residential | Landscaping Condition | Average |
| Legal Description | MAP 56 PG 29 BLK 2 LOT 6 | | |
| Homeowners Association | No | Secured | Yes |
| | | Occupancy Status | Occupied |
| | | If 'Occupied', by whom? | Owner |
| | | Subject conforms to neighborhood? | Yes |
| | | Does the City or Municipality require Vacant Property Registration? | No |
| | | Is the property subject to any rent controls? | No |
| | | Are any Code Violations Posted? | No |
| Environmental Hazards | none noted. | Site Influences: | backs to Highway 101 |

**General Subject Comments**

*There are limited comparables to bracket subject in vicinity, expanded bracketing and outward radius search was utilized to find suitable comparables. Sonoma County experienced a wild fire event in October 2017 which has reduced area housing stocks, subject is not located in an area with wild fire damage, no negative effect on subject's value due to wild fires.*



## Tax Data, Sales and Listing History

| | | | |
|---|---|---|---|
| Tax Assessed Value Date | 01/01/2017 | Last Known Sale Date | 07/15/2005 |
| Tax Assessed Value | $421,000.00 | Last Known Sale Price | $460,000 |
| Current Annual real Estate Taxes | $7,825.00 | Taxes Delinquent? | No |
| Assessor's Parcel Number (APN) | 037-161-010 | Amount Delinquent | |

| | | |
|---|---|---|
| Currently Listed for Sale (In MLS or FSBO) | No | |

## Neighborhood & Market Information

| | | | |
|---|---|---|---|
| Density | Suburban | Prior 12 Month Home Values Have | Increased |
| Predominant Occupancy | Owner Occupants | At a Rate of | 14.00% |
| Neighborhood Values low | $275,000 | Housing Supply of similar homes | Shortage |
| Neighborhood Values high | $729,000 | Typical Marketing Time | 60-90 days |
| Predominant Value | $475,000 | Vandalism Present in area | No |
| Number homes in direct competition | 3 | Average DOM active comps | 44 |
| Number of similar homes sold in last 6 months | 67 | Average DOM sold comps | 35 |

Neighborhood Comments

*Subject is located in a neighborhood of similar year built and style homes.*

## Area Market Value History and Forecast



A Core Based Statistical Area (CBSA) is a U.S. geographic area defined by the Office of Management and Budget (OMB) that consists of one or more counties (or equivalents) anchored by an urban center of at least 10,000 people plus adjacent counties that are socioeconomically tied to the urban center by commuting.

Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407

Loan: 1007287500  1252 Poplar Street, Santa Rosa, CA. 95407  Completed: 04/21/2018 11:24:35.443 PM



**Area Market Value History and Forecast (Cont.)**



### Regular Average Sold Price
#### Single Family

| | price | best-fit |
|---|---|---|
| price | 369 454 434 448 492 481 489 498 488 531 517 514 550 548 563 580 579 602 616 671 697 650 | |
| best-fit | 410 424 437 450 462 474 484 494 504 513 523 533 544 556 568 582 596 611 627 643 659 675 | |

**Area Sales Data**

Selected area:  Address: 1252 POPLAR ST SANTA ROSA, CA 95407, Within 4 miles of property

| Price and Sales Activity | Quarter 2, 2018 | Quarter 1, 2018 | Quarter 2, 2017 |
|---|---|---|---|
| Average Sold Price | $650,000 | $699,000 | $601,000 |
| Number of Sales | 23 | 235 | 367 |
| Regular Average Sold Price Volatility | -3.70% | 5.77% | -1.47% |
| Regular Average Loan To Value Ratio | - | - | - |
| **REO & Foreclosure & Probable Short Sale** | | | |
| Foreclosure Number of Sales | - | - | - |
| REO Number of Sales | - | 3 | 3 |
| Short Sale Number of Sales | - | - | - |
| REO Average Sold Price | - | $709,000 | $545,000 |
| Short Sale Average Sold Price | - | - | - |
| REO % Discount To Regular Average Sold Price Per Living | - | 0.20% | -19.80% |
| Short Sale % Discount To Regular Average Sold Price Per Living | - | - | - |

**Deferred Maintenance**

**Deferred Maintenance Present or Repairs Needed?**            *No*

Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407



Loan: 1007287500  1252 Poplar Street, Santa Rosa, CA. 95407  Completed: 04/21/2018 11:24:35.443 PM

## Comparable Sales

| | Subject | Sale 1 | Sale 2 | Sale 3 |
|---|---|---|---|---|
| Street Address | 1252 Poplar Street | 1021 Burbank Ave | 1680 Corby Ave | 2148 Mesa Way |
| City | Santa Rosa | Santa Rosa | Santa Rosa | Santa Rosa |
| State | CA | CA | CA | CA |
| ZIP | 95407 | 95407 | 95407 | 95407 |
| Sale Date | | 03/21/2018 | 12/05/2017 | 02/13/2018 |
| Sale Price | | $505,000 | $407,000 | $485,000 |
| Proximity To Subject (Miles) | | 1.060 Miles | 0.250 Miles | 1.400 Miles |
| Condition | C4 | C4 | C4 | C4 |
| Data Source | Appraisal | MLS | MLS | MLS |
| Property Type | Single-Family | Single-Family | Single-Family | Single-Family |
| Property Style | Ranch / 1 Story | 2 Story | Ranch / 1 Story | Ranch / 1 Story |
| Above grade square feet | 1,319 | 1,598 | 1,163 | 1,310 |
| Number of Units | 1 | 1 | 1 | 1 |
| Lot Size | 0.15 acres | 0.20 acres | 0.21 acres | 0.16 acres |
| Year Built | 1946 | 1941 | 1957 | 1950 |
| Age | 72 | 77 | 61 | 68 |
| Total Number of Rooms | 5 | 7 | 4 | 5 |
| Bedrooms | 3 | 2 | 3 | 3 |
| Full Baths | 1 | 1 | 1 | 1 |
| Half Baths | 1 | 1 | 0 | 0 |
| Financing Method | | Cash | FHA | FHA |
| Transaction Type | | Traditional resale | Traditional resale | Traditional resale |
| Owner | | Owner occ | Owner occ | Investor |
| Seller Concessions | | 10,000 | 3,000 | 0 |
| Price Per Square Foot | | $316.02 | $349.96 | $370.23 |
| DOM | | 19 | 38 | 48 |
| List Price at Sale | | $465,000 | $430,000 | $445,000 |
| Original List Price | | $465,000 | $430,000 | $445,000 |
| Original List Date | | 02/16/2018 | 10/24/2017 | 11/15/2017 |
| Basement | No | No | No | No |
| Basement Type | | | | |
| Basement Total square feet | | | | |
| Basement Finished Square Feet | | | | |
| Garage Type | None | Detached | Attached | Attached |
| Number of spaces | | 2 | 2 | 1 |
| Pool / Spa | None | None | None | None |
| View | Residential | Residential | Residential | Residential |
| **Adjustment** | | ($44,950) | ($11,500) | ($15,000) |
| **Adjusted Value** | | $460,050 | $395,500 | $470,000 |

**Sold 1 Comments and Adjustment Justification**

Adjusted -$44,950 for See line item adjustments noted, minus $10,000 concessions, $10,000 location.. Fair market sale, buyer closing cost credit of $10,000. MLS Commentary-Cute vintage bungalow in West Santa Rosa. Living as a 2 bedroom, plus a converted attic above. Large living room with fireplace, kitchen has vintage pink Formica counters just like grandma used to have! Sunlight streams into the main bedroom slider that opens onto the private patio. Large 2 car garage plus an attached workshop for all of your hobbies.

**Sold 2 Comments and Adjustment Justification**

Adjusted -$11,500 for See line item adjustments noted.. Fair market sale, busy road, credit to buyer of $3,000. MLS Commentary-This home has been lovingly cared for by original owner since 1957. Needs some TLC to bring back to its potential but large lot, hardwood floors and convenient location allow for excellent step up value. Private well makes home gardening affordable.

**Sold 3 Comments and Adjustment Justification**

Adjusted -$15,000 for Minus $10,000 location, $5,000 garage.. Fair market sale, no buyer sale concessions noted. MLS Commentary-This charming 3 bedroom, 1 bath single level home w/ approx. 1310 sqft of living space has an open & light floor plan on a large corner lot...Some of the great features include wood style floors in kitchen & dining area, a 1 car attached garage, a private rear yard w/ possible RV access/parking and much much more...Close to shopping, schools & Hwy's 101 & 12...Don't let this great opportunity pass you by...

Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407



Loan: 1007287500  1252 Poplar Street, Santa Rosa, CA. 95407  Completed: 04/21/2018 11:24:35.443 PM

## Comparable Listings

| | Subject | Listing 1 | Listing 2 | Listing 3 |
|---|---|---|---|---|
| Street Address | 1252 Poplar Street | 1473 Gloria Dr | 1082 Odell Ln | 567 Myrtlewood Dr |
| City | Santa Rosa | Santa Rosa | Santa Rosa | Santa Rosa |
| State | CA | CA | CA | CA |
| ZIP | 95407 | 95407 | 95407 | 95407 |
| Current List Price | | $510,000 | $415,000 | $456,000 |
| Proximity To Subject (Miles) | | 0.970 Miles | 0.840 Miles | 0.300 Miles |
| Condition | C4 | C4 | C5 | C4 |
| Data Source | Appraisal | MLS | MLS | MLS |
| Property Type | Single-Family | Single-Family | Single-Family | Single-Family |
| Property Style | Ranch / 1 Story | Ranch / 1 Story | Ranch / 1 Story | Ranch / 1 Story |
| Above grade square feet | 1,319 | 1,404 | 1,150 | 1,200 |
| Number of Units | 1 | 1 | 1 | 1 |
| Lot Size | 0.15 acres | 0.19 acres | 0.13 acres | 0.14 acres |
| Year Built | 1946 | 1948 | 1966 | 1965 |
| Age | 72 | 70 | 52 | 53 |
| Total Number of Rooms | 5 | 5 | 5 | 6 |
| Bedrooms | 3 | 2 | 3 | 4 |
| Full Baths | 1 | 1 | 1 | 2 |
| Half Baths | 1 | 1 | 1 | 0 |
| Financing Method | | | | |
| Transaction Type | | Traditional resale | Traditional resale | Traditional resale |
| Owner | | Investor | Investor | Investor |
| Price Per Square Foot | | $363.25 | $360.87 | $380.00 |
| DOM | | 65 | 29 | 38 |
| MLS Status | | Under Contract | Under Contract | Active |
| Original List Price | | $510,000 | $465,000 | $399,000 |
| Original List Date | | 02/14/2018 | 03/22/2018 | 02/20/2018 |
| Basement | No | No | No | No |
| Basement Type | | | | |
| Basement Total square feet | | | | |
| Basement Finished Square Feet | | | | |
| Garage Type | None | Detached | Attached | Attached |
| Number of spaces | | 1 | 2 | 2 |
| Pool / Spa | None | None | None | None |
| View | Residential | Residential | Residential | Residential |
| **Adjustment** | | (-$40,000) | (-$9,000) | ($21,000) |
| **Adjusted Value** | | **$470,000** | **$406,000** | **$435,000** |

### Listing 1 Comments and Adjustment Justification

Adjusted -$40,000 for Minus $30,000 guest unit, $10,000 location, $5,000 garage.. Fair market sale, offer noted as accepted 03/04/18. MLS Commentary-Large corner lot. 2 bedrooms with an extra room in main home, large updated kitchen and dining area, french doors to yard from living room to patio. Perfect garage with lots of space for your tools or toys. Laundry area with washer and dryer located next to garage. Large bright unit located above the garage. Good size living area, bedroom and bathroom. Long driveway for parking. Don't miss this home.

### Listing 2 Comments and Adjustment Justification

Adjusted -$9,000 for See line item adjustments noted, minus $10,000 location.. Fair market sale, offer accepted 04/16/18. MLS Commentary-Priced reduction!! Seller reviewing offers at 4/15 at 5pm. Updates over the last several years include a newer roof, dual pane windows and fence. The fence completely encloses a large back yard. With easy freeway access, and public transportation within walking distance, it is conveniently located. A little TLC will go a long way in this home with great potential. Pest and Contractor's inspection are complete and available.

### Listing 3 Comments and Adjustment Justification

Adjusted -$21,000 for See line item adjustments noted, minus $10,000 location.. Fair market sale, no buyer sale considerations offered. MLS Commentary-If you think you have seen this home, you need to come by again! New roof, garage door, freshly painted & new flooring really freshens up this single level 4 bed/2 full baths, plus backyard w/potential room for Accessory Dwelling Unit! (check with city) Windows upgraded in 2007 incl. Garden window in Kitchen. Stove purchased 2016. This would make a wonderful family home and/or a great investment for rental income

Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407



Loan: 1007287500  1252 Poplar Street, Santa Rosa, CA. 95407  Completed: 04/21/2018 11:24:35.443 PM

## Quality Control Reviewer Comments

The subject's data is within tolerance of the original appraisal.

The subject's photo matches the prior on file. Please be advised as the agent has stated that there were few similar comps available within the proximity guidelines, therefore it was necessary for them to utilize LC2 resulted in inferior condition. Proper adjustments have been verified accordingly.

## General Addendum

**This document is not an appraisal as defined by USPAP (Uniform Standards of Professional Appraisal Practice). It is not to be construed as an appraisal and may not be used as such for any purpose.  The intended user of this report is the Client(s) named above and is to be used at the Client(s) sole discretion.  This report is not intended as any guarantee of value and/or condition of the subject property and should not be relied on as such.   Any opinion rendered in this report is that of the report preparer and does not necessarily reflect the views and opinions of Computershare or its owners, affiliates and or assigns.  All data contained herein is deemed accurate and reliable, but not guaranteed.**

**Copyright (C) Computershare**

Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407



Loan: 1007287500  1252 Poplar Street, Santa Rosa, CA. 95407  Completed: 04/21/2018 11:24:35.443 PM

## Proximity Map



| Subject | 1252 Poplar StreetSanta Rosa, CA 95407 | | Dist. To subject | Source |
|---|---|---|---|---|
| Agent Office | 507 David Clayton Lane  Windsor, CA 95492 | | 10.88 Miles | Geocoded Match |
| Sold Comp 1 | 1021 Burbank Ave  Santa Rosa, CA 95407 | | 1.06 Miles | Geocoded Match |
| Sold Comp 2 | 1680 Corby Ave  Santa Rosa, CA 95407 | | 0.25 Miles | Geocoded Match |
| Sold Comp 3 | 2148 Mesa Way  Santa Rosa, CA 95407 | | 1.40 Miles | Geocoded Match |
| List Comp 1 | 1473 Gloria Dr  Santa Rosa, CA 95407 | | 0.97 Miles | Geocoded Match |
| List Comp 2 | 1082 Odell Ln  Santa Rosa, CA 95407 | | 0.84 Miles | Geocoded Match |
| List Comp 3 | 567 Myrtlewood Dr  Santa Rosa, CA 95407 | | 0.97 Miles | Geocoded Match |

Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407

Computershare

Loan: 1007287500  1252 Poplar Street, Santa Rosa, CA. 95407  Completed: 04/21/2018 11:24:35.443 PM

## Subject Aerial View



Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407
Loan: 1007287500  1252 Poplar Street, Santa Rosa, CA. 95407  Completed: 04/21/2018 11:24:35.443 PM

Computershare

**Subject Property Photos**



**Front View**



**Left Side**



**Right Side**



**Street View**



**Address Verification**

Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407
Loan: 1007287500 1252 Poplar Street, Santa Rosa, CA. 95407 Completed: 04/21/2018 11:24:35.443 PM



## Comparable Property Photos



**Sold Comp 1**
**1021 Burbank Ave**
**Santa Rosa, CA 95407**
**Sold on 03/21/2018 for $505,000**



**List Comp 1**
**1473 Gloria Dr**
**Santa Rosa, CA 95407**
**Current List Price: $510,000**



**Sold Comp 2**
**1680 Corby Ave**
**Santa Rosa, CA 95407**
**Sold on 12/05/2017 for $407,000**



**List Comp 2**
**1082 Odell Ln**
**Santa Rosa, CA 95407**
**Current List Price: $415,000**



**Sold Comp 3**
**2148 Mesa Way**
**Santa Rosa, CA 95407**
**Sold on 02/13/2018 for $485,000**



**List Comp 3**
**567 Myrtlewood Dr**
**Santa Rosa, CA 95407**
**Current List Price: $456,000**

This page intentionally left blank

Broker Price Opinion of:
1252 Poplar Street
Santa Rosa, CA 95407

Loan: 1007287500  1252 Poplar Street, Santa Rosa, CA. 95407  Completed: 04/21/2018 11:24:35.443 PM

**Computershare**

# EXHIBIT 3

# EXHIBIT 3

Specialized Loan Servicing LLC
8742 Lucent Boulevard
Suite 300
Highlands Ranch, CO  80129

EVETTE F MINOR
1252 POPLAR ST
SANTA ROSA          CA  95407



**Specialized Loan**

# Servicing

Part of the Computershare Group

10/16/19

EVETTE F MINOR                                   RE: Loan Number: 1007287500
1252 POPLAR ST
SANTA ROSA          CA 95407

### HOME EQUITY LINE OF CREDIT PAYOFF STATEMENT

Name of Mortgage Servicer: Specialized Loan Servicing LLC
Name of Representative: Customer Support Department
8742 Lucent Boulevard Suite 300
Highlands Ranch, CO 80129

**Requested By:**
SLS
Fax: 720-241-7522

### LOAN INFORMATION

MORTGAGOR:              EVETTE F MINOR
COLLATERAL:             1252 POPLAR ST
                        SANTA ROSA          CA 95407
<u>NEXT PAYMENT DUE DATE</u>:   02/20/08

This is a daily simple interest revolving line of credit. Figures are based on information available as of the date of this letter. The following is the amount to pay to close your line of credit. These figures expire 10/31/19.

| Interest: | Interest Paid To Date: | 01/20/08 |
|---|---|---|
| Information: | Daily Per Diem Interest Amount: | 22.6728 |
| | Total Interest to be charged: | 84826.07 |

### AMOUNT DUE

| Payoff | Principal Balance | $ 92464.62 |
|---|---|---|
| Amounts: | Interest Calculated to 10/31/19 | $ 84826.07 |
| | Escrow Credit Balance | $ -0.00 |
| | Escrow/Impound Advance Balance | $ 0.00 |
| | Late Charge Balance | $ 0.00 |
| | Statement Fee | $ 0.00 |
| | Release Preparation Fee | $ 20.00 |
| | Deferred Principal | $ .00 |
| | Deferred Interest | $ .00 |
| | Deferred Unpaid Expenses | $ .00 |
| | Deferred Paid Expenses | $ .00 |
| | Deferred Fees | $ .00 |
| | Deferred Late Charge | $ .00 |
| | Deferred Escrow | $ .00 |
| | Remaining PRA Amount | $- .00 |

| | |
|---|---|
| Optional Insurance | $ .00 |
| Recording Fee | $ 89.00 |
| Unapplied Funds Retained | $ 0.00 |
| Unapplied Funds Netted | $ 0.00 |
| Pending   Tax/Ins Disb Calculated to 10/31/19 | $ 0.00 |
| Outstanding Fees/Corp Advances | $ 1993.64 |
| Termination Fee | $ 0.00 |

| | |
|---|---|
| **Total Amount Due** | $179393.33 |

Paying the amount above on or before the expiration date will close your Home Equity Line of Credit.  You will no longer have access to the funds and your lien will be released.

Should you want to pay down your line of credit to $0.00, but not close it; a lesser amount will be due.  For information on how to pay down your line of credit please call our Customer Care Department at 1-800-315-4757 Monday - Friday,6a.m. to 6p.m. (Mountain Time).

Please be advised the payoff amount specified is valid through the stated expiration date or the date the loan is transferred to a new servicer. If you have been notified that Specialized Loan Servicing LLC intends to transfer your loan, you must ensure Specialized Loan Servicing LLC receives your payoff prior to the date of transfer, or you must make payoff arrangements with the new servicer.

Your home equity line of credit is an open ended account. Draws on your line of credit may increase the unpaid principal balance of your loan; the above figures are subject to final verification upon receipt of payoff funds by Specialized Loan Servicing LLC. We reserve the right to adjust these figures and refuse any funds that are insufficient to pay the loan in full for any reason including, but not limited to, error in calculation of payoff due, previously dishonored payments, interest rate changes, or additional advances between the date of this payoff statement and receipt of funds unless prohibited by applicable state law, including but not limited to Wisconsin.

Any further advances will increase the total due and the per diem finance charges. You are responsible for all advances honored until the line of credit has been closed.

### WHERE TO SUBMIT PAYOFF FUNDS

If any of the following information is missing or incorrect, thereby not enabling us to identify the loan, the wire will be returned.

Beneficiary Name: Specialized Loan Servicing LLC
Beneficiary/Receiving Bank:  Wells Fargo Bank, N.A. San Francisco CA
Beneficiary Bank ABA:  121000248
Beneficiary Bank Account:  2000042928245
Special Information to Beneficiary:
Inc. ODI Text information required:  PIF 1007287500 EVETTE F MINOR

Information must be provided as written, all other information is required by you as the wire transfer originator.

**OVERNIGHT MAIL**

Specialized Loan Servicing LLC
8742 Lucent Boulevard, Suite 300
Highlands Ranch, CO 80129

*FUNDS RECEIVED AFTER 4:00PM CENTRAL TIME, WILL BE CONSIDERED RECEIVED THE FOLLOWING DAY.*

Please be advised the payoff amount specified above is valid through the stated expiration date or the date the loan is transferred to a new servicer. If you have been notified that Specialized Loan Servicing LLC intends to transfer your loan, you must ensure Specialized Loan Servicing LLC receives your payoff prior to the date of transfer, arrangements with the new servicer. However these are subject to final verification upon receipt of payoff funds by Specialized Loan Servicing LLC, unless prohibited by applicable state law, including but not limited to Wisconsin. We reserve the right to adjust these figures and refuse any funds that are insufficient to pay the loan in full for any reason, unless prohibited by applicable state law including but not limited to Wisconsin. Normal transactions and escrow disbursements will continue to the date of payoff, which may affect the balance due.

If your loan provides for a waiver of the prepayment penalty due to sale, you will need to provide a copy of Closing Disclosure, signed HUD1 or Settlement Statement with your payoff funds. Upon review, the prepayment penalty will be waived or refunded at that time. Proof of sale must be received no later than 10 days after your payoff funds are received to have the prepayment penalty refunded.  Specialized Loan Servicing LLC will not remove the prepayment penalty prior to receipt of payoff funds and proof of sale.

The validity of this statement is further conditioned upon:
1. Funds received after the expiration date will accrue interest per diem in the amount of $22.6728
2. If payment is received less than 15 days after the regular due date, this amount may be deducted from the payoff late charge in the amount of $0.00 has been included.
3. If the payoff funds are insufficient we may withdraw funds from the borrower's escrow account, if available, to complete
4. PAYOFF FUNDS MUST BE IN THE FORM OF A CASHIER'S CHECK OR WIRE TRANSFER.  PERSONAL/BUSINESS CHECKS AND ACH TRANSFERS ARE NOT CONSIDERED CERTIFIED FUNDS (SEE INSTRUCTIONS).
5. Any remaining escrow funds will be mailed 14 business days after payoff to the borrower at the address provided by the remitter of the payoff funds.
6. Please notify your insurance agent when your loan is paid in full.
7. Please include a forwarding address for the borrower. It is important that we have this information for any future correspondence.
8. New York Properties - Please contact Specialized Loan Servicing LLC for Loan Assignments.

If you have any questions regarding this information, please contact Customer Care toll free at
1-800-315-4757, Monday through Friday, 6:00 a.m. until 6:00 p.m. MT.  We accept calls from relay services on behalf of hearing impaired borrowers.

Sincerely,
Specialized Loan Servicing LLC

**PLEASE SEE IMPORTANT DISCLOSURES ON THE FOLLOWING PAGE**

OL 7.7 10/16/19
Case 3:19-cv-08151-JCS Document 4 Filed 12/16/19 Page 126 of 131
Case 3:19-cv-08151-JCS Document 1-2 Filed 12/16/19 Page 22 of 23

**BANKRUPTCY NOTICE - IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO INFORM YOU OF THE STATUS OF THE MORTGAGE SECURED BY THE SUBJECT PROPERTY. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. IF YOU RECEIVED A DISCHARGE OF THE DEBT IN BANKRUPTCY, WE ARE AWARE THAT YOU HAVE NO PERSONAL OBLIGATION TO REPAY THE DEBT. WE RETAIN THE RIGHT TO ENFORCE THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY, IF ALLOWED BY LAW AND/OR CONTRACT. IF YOU HAVE QUESTIONS, PLEASE CONTACT US AT 1-800-306-6057.**

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 30 Corporate Park, Suite 310, Irvine, CA 92606.

On December 13, 2019, I served the within document(s) described as: **DECLARATION OF TADEUSZ MCMAHON IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANTS THE BANK OF NEW YORK MELLON AND SPECIALIZED LOAN SERVICING, LLC** on the interested parties in this action:

☒     by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Law Offices of Evan Livingstone<br>Evan Livingstone<br>740 4th Street, Suite 215<br>Santa Rosa, California 95404 | Tel: (707) 206-6570<br>Fax: (707) 676-9112<br>Email:<br>evan@evanlivingstone.com | Attorney for Plaintiff Evette Minor |

☒     **BY OVERNIGHT MAIL** (Code Civ. Proc. § 1013(c))—I placed said envelope(s) for collection by **GSO**, following ordinary business practices, at the business offices of The Ryan Firm for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service. It is deposited with said overnight mail service on that same day in the ordinary course of business. I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

☒     (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 13, 2019, at Irvine, California.


        /s/ Heather Morris
        HEATHER MORRIS

THE RYAN FIRM
A Professional Corporation

# EXHIBIT 5

# EXHIBIT 5

JS-CAND 44 (Rev. 07/19)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Evette Minor

## DEFENDANTS
The Bank of New York Mellon, Specialized Loan Servicing, LLC and Does 1-50

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Sonoma

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)* New York City

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Evan Livingstone
Evan Livingstone
740 4th St., STE 215, Santa Rosa, CA 95404

Attorneys *(If Known)*
The Ryan Firm, APC
Timothy Ryan
30 Corporate Park, STE 310, Irvine, CA 92606

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*
*(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 490 Cable/Sat TV |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 891 Agricultural Acts |
| 210 Land Condemnation | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 896 Arbitration |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | |
| ☒ 290 All Other Real Property | | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation–Transfer ☐ 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §§ 1332(a), 1441(b)

Brief description of cause:
Alleged fraud and wrongful disclosure

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:
JUDGE
DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE    ☐ EUREKA-MCKINLEYVILLE

DATE  12/13/2019

SIGNATURE OF ATTORNEY OF RECORD

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 30 Corporate Park, Suite 310, Irvine, CA 92606.

On December 13, 2019, I served the within document(s) described as: **CIVIL COVER SHEET** on the interested parties in this action:

☒     by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Law Offices of Evan Livingstone<br>Evan Livingstone<br>740 4th Street, Suite 215<br>Santa Rosa, California 95404 | Tel: (707) 206-6570<br>Fax: (707) 676-9112<br>Email:<br>evan@evanlivingstone.com | Attorney for Plaintiff Evette Minor |

☒     **BY OVERNIGHT MAIL** (Code Civ. Proc. § 1013(c))—I placed said envelope(s) for collection by **GSO**, following ordinary business practices, at the business offices of The Ryan Firm for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service. It is deposited with said overnight mail service on that same day in the ordinary course of business. I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

☒     (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 13, 2019, at Irvine, California.

                 /s/ Heather Morris
                 HEATHER MORRIS

**THE RYAN FIRM**
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

    I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 30 Corporate Park, Suite 310, Irvine, CA 92606.

    On December 16, 2019, I served the within document(s) described as:  **NOTICE OF STANDING ORDER** on the interested parties in this action:

☒    by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Law Offices of Evan Livingstone<br>Evan Livingstone<br>740 4th Street, Suite 215<br>Santa Rosa, California 95404 | Tel: (707) 206-6570<br>Fax: (707) 676-9112<br>Email:<br>evan@evanlivingstone.com | Attorney for Plaintiff<br>Evette Minor |

☒    **BY OVERNIGHT MAIL** (Code Civ. Proc. § 1013(c))—I placed said envelope(s) for collection by **GSO**, following ordinary business practices, at the business offices of The Ryan Firm for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

    I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service.  It is deposited with said overnight mail service on that same day in the ordinary course of business.  I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on December 16, 2019, at Irvine, California.

                      /s/ Heather Morris
                      HEATHER MORRIS